

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

June 29, 1954

Overruled by ~~~~
Sanford CCA 1456
4 d -202

Hon. Fred C. Brigman, Jr.
County Attorney
Uvalde County
Uvalde, Texas

Opinion No. S-132

Re: Filing of campaign contribution
and expenditure statements under
Article 14.08, Vernon's Texas
Election Code, where the filing
date falls on Sunday, July 4;
and related questions.

Dear Mr. Brigman:

You have requested an opinion on the following questions:

"1. Where the date for filing the required sworn state-
ment of the candidate's expenditures falls on a Sunday or a
legal holiday, is the candidate permitted to wait until the
day following such Sunday or legal holiday to file such sworn
statement of expenses in behalf of his candidacy?

"2. If the candidate is permitted to wait until the day
following such Sunday or legal holiday, and the County Clerk's
office is closed by permission of the Commissioners Court on
the following day, is the candidate permitted to wait still
another day to file such sworn statement?

"3. If the candidate is not permitted to wait until
the day following such Sunday or legal holiday, is the Coun-
ty Clerk required, or permitted, to keep his office open on
such Sunday or legal holiday for filing such statements, or
may he close his office and the candidate who fails to file
his statement the day before such Sunday or legal holiday
lose his right to have his name placed on the ballot?"

Article 14.08, Vernon's Texas Election Code, requires candidates
to file statements of campaign contributions and expenditures "at intervals
of twenty (20) days beginning sixty (60) days next preceding the date of
any election in which the candidate's name appears on the ballot." Unlike
further provisions of the statute which require the filing of additional
statements within a certain number of days computed from the day of the
election, this part of the statute calls for the filing of the statements
on fixed days.

Statements by candidates for county offices, as defined in Arti-
cle 14.01, Vernon's Election Code, are to be filed with the county clerk,
and those by candidates for district and state offices are to be filed with
the Secretary of State.

Your inquiry is occasioned by the fact that the third statement in the series preceding the July primaries this year is due on Sunday, July 4.

We can give you an official ruling on these questions only from the standpoint of determining the powers and duties of the county clerks. But incidental to this determination it will be helpful to consider whether the time for filing is extended under the stated circumstances. We shall consider the questions with special reference to the statement which is due on July 4, 1954.

The general rule is that a public officer is not required to keep his office open on Sunday or on any legal holiday on which public offices may be closed. Hanover Fire Ins. Co. v. Shrader, 89 Tex. 35, 33 S.W. 112 (1895); Fessenden v. Terrell, 100 Tex. 273, 98 S.W. 640 (1907). We are of the opinion that the Legislature had no intention of requiring the Secretary of State and the county clerks to remain open on Sundays and holidays for the purpose of receiving the statements prescribed by Article 14.08, and we therefore are not faced with the matter of public policy which would be involved in requiring officials to labor on the Christian Sabbath. This conclusion is supported by the fact that the law of this State generally recognizes that where a statute requires an act to be done on a certain day and that day falls on Sunday or a holiday, the time for performance is extended until the following business day unless the statute expressly or by necessary implication negatives the extension. It is our opinion that the time for filing statements under the 20-day-interval provision is extended in accordance with this rule, and therefore the closing of the office will not prevent full compliance with the statute.

There is a distinction between acts which must be done on a certain day and acts which must be done within a certain period of time. In the latter situation, the fact that the last day for performance falls on Sunday or a holiday does not extend the time for performance unless the time allowed is very short. But where the act must be done on one certain day or within the space of only one or two days, the time for performance is extended until the following business day if the day for performance falls on Sunday or a holiday. Hanover Fire Ins. Co. v. Shrader, supra.

Clearly, we think, the clerk is not required to remain open on Sunday, July 4. There is no general statute authorizing public offices to be closed on the following Monday where a legal holiday falls on Sunday, but custom and popular acceptance sanction the practice of observing the following Monday as a legal holiday where Independence Day falls on Sunday. Blackman v. Housing Authority of the City of Dallas, 254 S.W.2d 103 (Tex. Sup. 1953). This custom was recognized by the Legislature in Section 2 of Chapter 230, Acts 50th Leg., 1947, when it enacted a provision (Article 4591d, Vernon's Civil Statutes) expressly authorizing banks to remain closed on the following Monday where a legal holiday falls on Sunday. Similarly, the current appropriation act for state departments, institutions, and agencies authorizes state offices to be closed on Monday, July 5, by providing that when a holiday defined by Articles 4591 and 4591d, V.C.S., falls on a Sunday, the following Monday shall be deemed to be the holiday.

Sec. 5, Art. VI, Ch. 81, Acts 53rd Leg., R.S., 1953. This is clear authority for the Secretary of State to remain closed on Monday, July 5. We also think that the commissioners' court of a county may properly authorize the closing of county offices on this day and that the county clerk would not be required to keep his office open in that event. It is our opinion, therefore, that in those counties where Monday, July 5, is declared a legal holiday for county offices, the statements which fall due on Sunday, July 4, will be filed in full compliance with Article 14.08 if they are filed on Tuesday, July 6.

It is our further view that since Monday, July 5, is generally treated as a legal holiday by common acceptance, a candidate is not required to ascertain whether the commissioners' court has actually authorized the closing of county offices on that day and that he will have fully complied with the filing requirement if his statement is filed on Tuesday, July 6, regardless of the action of the commissioners' court. If we are incorrect in this view, this filing will be in substantial compliance with Article 14.08 in any event. The El Paso Court of Civil Appeals has recently held that a substantial compliance with Article 14.08 is sufficient, and that there had been substantial compliance where a statement due on May 25 was filed on May 26. Welsch v. Crawford, decided June 21, 1954 (not yet reported).

We wish to point out that this opinion is limited to statements which are filed under the 20-day-interval provision of Article 14.08.

In view of the answers to your other questions, it is not necessary to answer your question whether the county clerk is permitted to keep his office open on Sunday or on a legal holiday. However, we will state, that even though he is not required to do so, he may keep his office open if he so chooses, and filings accepted at that time will be valid. Hanover Fire Ins. Co. v. Shrader, supra; Stephens v. Porter, 69 S.W. 423 (Tex.Civ. App. 1902). It follows that the statute will also be complied with if the county clerk accepts the statement on July 4 or July 5.

You have also requested an opinion on whether Article 14.08, Vernon's Election Code, has the effect of repealing Article 269 of the Penal Code. Article 269 was enacted as a part of the statute which was later codified in Chapter 14, Title 50 of the Revised Civil Statutes of 1925. It is the Penal Code counterpart of Article 3172 of the 1925 Revised Civil Statutes, which required the filing of statements of campaign contributions and expenditures in primary elections. Article 3172 was expressly repealed along with the remainder of Chapter 14 of Title 50 when the Election Code of 1951 was enacted. While Article 269 of the Penal Code was not expressly repealed, it is our opinion that the Legislature intended to and did repeal this article by the enactment of the comprehensive provisions covering the same subject matter in Article 14.08 of the present Election Code. State v. International & G.N. R. Co., 57 Tex. 534 (1882); Motor Inv. Co. v. City of Hamlin, 142 Tex. 486, 179 S.W.2d 278 (1944); Harold v. State, 16 Tex. App. 157 (1884); Robertson v. State, 70 Tex. Crim. 307, 159 S.W. 713 (1913).

In reaching this conclusion we have taken into consideration the provision in Section 2 of the statute enacting the Election Code (Ch. 492, Acts 52nd Leg., 1951) that "nothing in this Act shall be construed as repealing or in any way affecting the legality of any penal provision of the existing law." We interpret this provision as applying only to those penal provisions which would not be affected by the accepted rules of statutory construction.

## SUMMARY

Where the date for filing statements of campaign contributions and expenditures under Article 14.08, Vernon's Election Code, falls on a Sunday or a legal holiday, a candidate may wait until the day following such Sunday or legal holiday to file the statement; and where the filing date falls on a Sunday which is also a legal holiday, and the following Monday is treated as a legal holiday by custom and popular acceptance, the candidate may file the statement on the following Tuesday or the next following day that is not a Sunday or a legal holiday. Statements which are due on Sunday, July 4, may be filed on Tuesday, July 6.

A county clerk is not required, but is permitted, to keep his office open on Sunday or a legal holiday, and he may lawfully accept campaign statements for filing at that time.

Article 269 of the Penal Code, relating to statements of campaign contributions and expenditures, was repealed by the enactment of Article 14.08, Vernon's Election Code.

APPROVED:

Burnell Waldrep
Reviewer

J. A. Amis, Jr.
Reviewer

Robert S. Trotti
First Assistant

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

B. Duncan Davis

Mary K. Wall
Assistants