SAMMIE BLACKMAN ET UX V. THE HOUSING AUTHORITY OF THE CITY OF DALLAS.

No. A-3812. Decided January 14, 1953.
(254 S. W., 2d Series, 103.)

22

*McKool, McDaniel & Bader* and *Bert Bader*, all of Dallas, for petitioners.

The Court of Civil Appeals erred in overruling appellee's motion to dismiss for the reason that the transcript and statement of facts in this cause were not filed in time in accordance with Rule 386, T.R.C.P. Matlock v. Matlock, 151 Texas 308, 249 S.W. 2d 587; Bradford v. Powell, 139 Texas 638, 166 S.W. 2d 646; Nami v. Industrial Mfg. Co., 233 S.W. 2d 653.

*Scurry, Scurry & Pace* and *E. B. Stroud*, all of Dallas, for respondent.

In reply to relators' motion to dismiss the appeal, respondents cite Whitten v. Dethoff, 214 S.W. 2d 480; Burr v. Lewis, 6 Texas 76; Grant v. Hughes, 198 S.W. 2d 630.

MR.. JUSTICE GARWOOD delivered the opinion of the Court.

Our petitioners, Blackman and wife, who are the condemnees in this condemnation proceeding, were satisfied with the damages awarded by the trial court against the respondent-condemnor, The Housing Authority of the City of Dallas, but were evidently dissatisfied with the reduction thereof made in the Court of Civil Appeals on appeal by said respondent. (254 S. W. 2d 548). Before us, however, their sole point is that the appellate court should not have taken jurisdiction of the appeal, because the transcript and statement of facts were filed by the respondent on the 31st day after the day on which respondent's motion for new trial was overruled, there having been no order (or even a motion) for extension of the regular 60-day period pursuant to Rule 386, Texas R. Civ. Proc.

■ Since these latter allegations are undoubtedly true, the appeal should have been dismissed, unless under the facts of the case, the prescribed period had not expired on Tuesday, March 4th, 1952, (the 61st day) when the documents were filed; and the fact that the Clerk of the appellate court received and "filed" them—thus possibly encouraging counsel for respondent in an

assumption that all was well at a time when he might still have filed a motion for extension—would not, of course, confer jurisdiction of the appeal, if the court did not otherewise have it. See Matlock v. Matlock, 151 Texas 308, 249 S. W. 2d 587; Bowman v. Traders & General Ins. Co., Tex. Civ. App., 219 S. W. 2d 148, wr. of er. refused; Cocke v. Birr, 142 Texas 432, 179 S. W. 2d 958; Parks v. Purnell, 135 Texas 182, 141 S. W. 2d 585; Gerneth v. Galbraith-Foxworth Lumber Co., 117 Texas 205, 300 S. W. 17, 19. However, despite our action in granting the writ of error, we have concluded that under a reasonable construction of Rules 386 and 4 Texas R. Civ. Proc. as applied to the facts of the case; the papers were filed within the allotted period.

■ The period stated generally in Rule 386 is, of course, to be applied to particular cases according to the provisions of Rule 4, supra, which for convenience we quote:

"In computing any period of time prescribed or allowed by these rules by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, *unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday.* (Underscoring supplied).

Thus counting the days from January 3, 1952, when respondent's motion for new trial was overruled, the 60th, or final day, fell on Monday, March 3, and the period had thus expired when the record was filed on Tuesday, March 4, unless Monday happened to be a holiday, in which event the period would be taken to expire on Tuesday. This latter contingency is what, in fact, occurred. In other words, under our interpretation of Rule 4, supra, Monday, March 3, is for the purpose of that rule, a holiday.

The holiday statute, Art. 4591, Vernon's Tex. Civ. Stats. Ann., while including March 2 or Texas Independence Day, does not, indeed, expressly or otherwise include March 3, unless it should happen to have been proclaimed as a day "of fasting and thanksgiving" by the President of the Nation or the Goveernor of the State, which was certainly not the case in 1952. And the fact that by Art. 4591d, every Monday, March 3, is a "holiday" for banking and related purposes does not necessarily suggest that such a limited kind of "holiday" was in our minds

when we used the word in Rule 4. Nor do we think the rule meant to include those days, which the Commissioner's Court of the County, wherein the particular court should be located or wherein counsel for one party or another should reside, might choose to designate as a holiday. On the other hand the fact remains that the Rules of Civil Procedure do not directly or otherwise define "holiday", and we are cited to no decision, which purports to give it a basic definition that might be cogently applied to the instant case. Bearing in mind the purposes of the rule in question and our own knowledge of the ways and problems of lawyers and courts, a reasonable meaning would, in our view, be not only those days undoubtedly designated as general holidays in Art. 4591, supra, but also those which, though not thus "legal" holidays, are yet recognized by legislative declaration as being general holidays by popular acceptance. Such an interpretation is so limited as not to add substantially to the number of holidays admittedly within Rule 4 as a result of Art. 4591, supra, and resting, as it does, upon an existing legislative declaration, will not open a new field of contention over what is or is not a holiday by common acceptance. On the other hand, the interpretation will, by thus including at least the better known days observed by common acceptance, in all probability serve the desirable purpose of reducing the number of unfortunate cases like the present one. A basic purpose of Rule 4 evidently being to protect substantive rights against procedural miscalculation or similar  mistake by extending fixed periods such as that of Rule 386 in cases where their practical application entails difficulty or confusion, this broader, but not overly broad, construction of "holiday" appears quite reasonable.

■ The legislative declaration to which we have reference occurs in the emergency clause of the Act of May 22, 1947, 50th Leg., Reg. Sess., pg. 424, ch. 230, which is none other than Art. 4591d, supra. The Act, excepting the caption, reads as follows:

"Section 1. All of the dates in each year enumerated in Article 4591 of the Revised Civil Statutes of the State of Texas, and in addition May 30 and February 12 of each year, and when any of such dates fall upon Sunday, then the Monday next following such Sunday, are declared to be legal holidays, for bank purposes, on which any bank or trust company in Texas may remain closed, and shall be considered and treated as Sunday or the Christian Sabbath for all purposes regarding the presenting for the payment or acceptance and of protesting for and giving notice of the dishonor or bills of exchange, bank checks and

promissory notes placed by the law upon the footing of bills of exchange.

"Sec. 2. The fact that the banks and trust companies of this State are at this time uncertain as to the liability they might incur by closing on *certain days commonly celebrated as holidays but not designated in such Article as legal holidays,* creates an emergency and an imperative public necessity demanding the suspension of the Constitutional Rule requiring bills to be read on three several days in each House, said Rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted." (Underscoring supplied).

The underscored language above clearly refers to the days which are the primary subject of the Act, and these (by the indicated recourse to Art. 4591) clearly include every March 3rd that happens to fall on Monday. The reference plainly means also that the days "commonly celebrated" are not merely those so celebrated by banks, because if they were commonly celebrated by banks before the Act, there would hardly exist the painful doubt in the minds of the banks, which is said to constitute the emergency. That the result of our reasoning is the same as if we had simply declared every bank holiday established by Art. 4591d to be a holiday for the purpose of Rule 4, supra, does not impung our logic in treating as included in the rule every day which the Legislature has expressly stated to be a holiday by common acceptance. Certainly the Legislature has nowhere said that "holiday" may never be employed in a court rule in any sense except that used in Art. 4591, supra; and since our holding has nothing to do with whether courts or other public offices should or should not close on the days in question, no inference of a legislative policy against it can possibly arise from Art. 4591d, supra.

We therefore hold that Monday, March 3, 1952, being stated by the Legislature to be one of those days "commonly celebrated as holiday," was a holiday under Rule 4, supra; that accordingly the appellate record in question was filed within the period reequired by Rule 386, supra; and that the motion of Petitioner to dismiss the appeal was thus rightly rejected by the Court of Civil Appeals. The judgment of said court is, therefore, affirmed.

Associate Justice Culver not sitting.

Opinion delivered January 14, 1953.