WILLIE C. SMITH V. HARRIS COUNTY-HOUSTON SHIP CHANNEL NAVIGATION DISTRICT ET AL.

No. A-7402. Decided December 9, 1959.
(330 S.W. 2d Series 672)

*Bierwirth & Rosenbaum*, and *Jerome Pope*, all of Houston, for appellant.

*Baker, Botts, Andrews & Shepherd* and *McGregor, Sewell & Junell*, all of Houston, for appellees.

MR. JUSTICE WALKER delivered the opinion of the Court.

This case is before us on the following certificate from the Court of Civil Appeals at Fort Worth:

"On May 15, 1959, this Court affirmed the judgment of the trial court on an appeal by Willie C. Smith from a judgment sustaining a plea in abatement filed by appellee Harris County-Houston Ship Channel Navigation District.

"On May 30, 1959, appellant Smith properly posted in the United States mails his motion for rehearing, which was received by the Clerk of this Court on June 1, 1959. We directed the Clerk not to file the motion because we held that it came too late.

"According to the provisions of Rule 458, T.R.C.P., a motion for rehearing must be filed within fifteen days after the rendition of the judgment. Rule 5 provides that a motion for rehearing shall be deemed to have been filed in time if it is properly addressed and stamped and deposited in the mail one day before the last day for filing same. Rule 4 provides that the last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period shall run until the end of the next day which is neither a Sunday nor a holiday.

"Your Honors held in Blackman v. Housing Authority of City of Dallas, 152 Texas 21, 254 S.W. 2d 103, that Monday, March 3, was not to be included in the time 'so computed,' since the Act of May 22, 1947, 50th Leg., Reg. Sess., Article 4591d, p. 424, ch. 230, provided that when legal holidays fall on Sunday, the Monday next following is declared to be a legal holiday. Appellant insists that the holding in the cited case is conclusive here, and shows our action to be erroneous. We understand his contention to be that May 30 is a legal holiday, or at least is one of those days 'which, though not thus "legal" holidays, are yet recognized by legislative declaration as being general holidays by popular acceptance.' Since May 30, 1959, was followed by a Sunday, it is appellant's position that Monday, June 1, was the last day for filing the motion.

"We notice that the statute which was construed by Your Honors in Blackman v. Housing Authority of City of Dallas, supra, added May 30 to the list of legal holidays. It appears that such date is not retained in the amended statute, which is now Article 4591d. We therefore think that such date is not now a legal holiday, and that there is no legislative declaration that it is a holiday by popular acceptance. For these reasons

we held that appellant's motion for rehearing was not posted one day before the last day for filing.

"The appellant feels that he cannot reach the Supreme Court by application for writ of error unless and until his motion for rehearing is filed; and in deference to that opinion, and because the issue involves a matter of extreme importance, we certify to your Honorable Court the following question:

"Was appellant's motion for rehearing timely deposited in the mails?"

As pointed out by the Court of Civil Appeals, we stated in Blackman v. Housing Authority of City of Dallas, 152 Texas 21, 254 S.W. 2d 103, that the term "legal holiday" as used in Rule 4, Texas Rules of Civil Procedure, includes not only those days designated as general holidays in Article 4591, Vernon's Ann. Texas Civ. Stat., but also those which are recognized by legislative declaration as being general holidays by popular acceptance. At that time, Article 4591d, Vernon's Ann. Texas Civ. Stat., was in the form enacted by the Legislature in 1947. According to its provisions, all of the dates enumerated in Article 4591, and in addition May 30 and February 12, and when any of such dates fell upon Sunday then the following Monday, were declared to be legal holidays for bank purposes. Acts 1947. 50th Leg., p. 424, ch. 230, Sec. 1. The emergency clause of this Act recited that banks and trust companies were uncertain as to the liability they might incur by closing on certain days commonly celebrated as holidays but not designated as legal holidays in Article 4591. Such recital was treated as a legislative declaration that all of the days on which banks might remain closed were generally observed by the public as holidays, and it was accordingly held that when March 2, one of the dates mentioned in Article 4591, fell on a Sunday, the following Monday was a legal holiday within the meaning of Rule 4. In reaching this conclusion, we pointed out that such interpretation "resting, as it does, upon an existing legislative declaration, will not open a new field of contention over what is or what is not a holiday by common acceptance."

Article 4591d has been amended twice since the Blackman case was decided. Banks and trust companies are now authorized, at their option, to close for general banking purposes on Saturday or any other weekday designated as provided therein, and such day is thereupon treated as Sunday and not a business day. Subject to these provisions, only Sundays and six of the

dates enumerated in Article 4591 are declared to be legal holidays for banking purposes. May 30 is not mentioned in either Article 4591 or Article 4591d, and there is no existing legislative declaration that the same is commonly observed as a holiday. The application of Rule 4 as interpreted in the Blackman case was reasonably certain in the light of the statutes then in force, but this will not be true if such interpretation is now extended to include any day in the year which has ever been recognized by the Legislature as a general holiday by popular acceptance. In our opinion, it would be unwise to go that far, and the question submitted by the Court of Civil Appeals is answered in the negative. Under our present statutes, only the days designated in Article 4591 are legal holidays within the meaning of Rule 4.

Opinion delivered December 9, 1959.