**Santos SUAREZ, Appellant,**

v.

**A. C. BROWN d/b/a Brown Motor Company, Appellee.**

**No. 320.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 30, 1967.

Rehearing Denied April 20, 1967.

---

William Brode Mobley, Jr., Corpus Christi, for appellant.

Charles Lyman of Lyman & Sudduth, Corpus Christi, for appellee.

OPINION

NYE, Justice.

On December 13, 1966, judgment was entered on behalf of the defendant in the district court. Plaintiff gave notice of appeal. The transcript and statement of facts were filed in this court. Prior to the submission of this appeal appellee filed a motion to strike the transcript and statement of facts and dismiss the appeal for want of jurisdiction of this court to consider the appeal.

The facts are undisputed. The appellant filed his affidavit in forma pauperis under Rule 355 Texas Rules of Civil Procedure on the twenty first day after the date of judgment. Rule 356 requires that the affidavit in lieu of bond shall be filed not more than twenty days after the date of rendition of such judgment or order.

New Years Day of 1967 fell on Sunday. The office of the district clerk of Nueces County was closed on Saturday, December 31, 1966, Sunday, January 1, 1967 and Monday, January 2, 1967. The affidavit was

filed on Tuesday, January 3, being the twenty first day. It is appellant's contention that Monday, January 2 is a statutory legal holiday or a day recognized by legislative declaration as being a general holiday by popular acceptance and therefore the affidavit filed on Tuesday, January 3, 1967, when the courthouse opened for business, was timely filed. Citing Rule 4, Tex.R.Civ.P., Article 4591 and Article 4591d, Section 1a and 1c, Tex.Rev.Civ. Stat.Ann. Appellant contends that the term "legal holiday" as used in Rule 4 includes not only those days designated as general holidays in Article 4591 but also those which are recognized by legislative declaration as being holidays by popular acceptance. Citing Blackman v. Housing Authority of City of Dallas, 152 Tex. 21, 254 S.W.2d 103, Sup.Ct.1953. It is true that the Blackman case is authority for this proposition; however, this decision was handed down in 1953, and involved a construction of Rule 386, Rule 4 and Art. 4591d, Sec. 1. This latter article was subsequently amended in 1955 and 1957 and section 1 was completely eliminated. This eliminated section provided that:

"All of the dates in each year enumerated in Article 4591 of the Revised Civil Statutes of the State of Texas, and in addition May 30 and February 12 of each year, and when any of such dates fall upon Sunday, then *the Monday next following such Sunday, are declared to be legal holidays, * * *"

In 1959 the Supreme Court of Texas in Smith v. Harris County-Houston Ship Chan. Nav. Dist., 160 Tex. 292, 329 S.W.2d 845, in answering a certified question from the Court of Civil Appeals held that only the days designated in Article 4591 are legal holidays within the meaning of Rule 4. In view of the fact that Rule 356 requires the cost bond or affidavit in lieu of bond to be filed not more than twenty days the affidavit being filed on the twenty first day came too late unless the Monday following Sunday January 1 which

was a legal holiday would also be designated as a legal holiday. Rule 4 provides that:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. As amended by order of July 26, 1960, effective Jan. 1, 1961."

Since January 2 was neither a Saturday or Sunday under Rule 4 we must look to Article 4591 to see if Monday, January 2 is so designated. Article 4591 does not include this date.

The Supreme Court recognized the holding in the Blackman case but stated that at the time of the rendition of the Blackman opinion, Article 4591d, Section 1 was in effect and constituted a legislative declaration as making Monday, March 3 a general holiday by popular acceptance. The Supreme Court goes on to point out in the Smith case that Article 4591d has been twice amended since the Blackman case and that in such amendments there is no existing legislative declaration as to the date involved in the Smith case as being commonly observed as a holiday. The Supreme Court in the Smith case went on to say:

"The application of Rule 4 as interpreted in the Blackman case was reasonably certain in the light of the statutes then in force, but this will not be true if such interpretation is now extended to include any day in the year which has ever been recognized by the Legislature as a general holiday by popular acceptance. In our opinion, it would be unwise to go that far, and the question submitted by the Court of Civil Appeals is answered in the negative. *Under our present statutes, only the days designated in Article 4591*

*are legal holidays within the meaning of Rule 4."*

As pointed out herein the Smith case does not specifically overrule the Blackman case. It is therefore appropriate to the facts of this case to quote from the Supreme Court in the Blackman case, supra:

"(Nor) do we think the rule (Rule 4) meant to include those days, which the Commissioner's Court of the County, wherein the particular court should be located or wherein counsel for one party or another should reside, might choose to designate as a holiday. * * *"

We construe this language to mean that if a county office or all offices in the courthouse are authorized by the county officials in charge to close on a certain day which is not designated by statute (art. 4591) as being a legal holiday, such authorization to close does not create a legal holiday within the provisions of Rule 4.

Appellee's motion to dismiss is granted. Appeal dismissed.