**V. Ray DAVIS, Appellant,**

v.

**EQUILEASE CORPORATION, Appellee.**

**No. 17382.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 24, 1979.

Mandell & Wright, Terrell W. Oxford, Houston, for appellant.

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

DOYLE, Justice.

This suit involves a summary judgment awarded to Equilease Corporation, appellee, arising from a liquidated claim based on the breach of a lease agreement with V. Ray Davis, appellant.

In 1975 appellant executed a lease agreement with appellee to rent certain equipment described as, "1 Apeco 200 Bond" and explained in appellee's brief as being a copy machine. The lease was non-cancellable for a 60 month term and provided that in the event of default by the lessee for a period of ten days, lessor could elect either to retake immediate possession of the equipment, sell it and apply the proceeds to delinquent rentals and costs, or accelerate the balance of the rentals payable under the lease, thereby requiring prepayment forthwith upon notice and demand. The lease further provided that in the event of litigation, that the lessee would pay attorney's fees in an amount equal to twenty percent (20%) of the balance of the rentals.

Subsequently, appellant defaulted on his payments and appellee, after demanding payment, instituted suit to recover the balance of the rentals due. In preparation for trial, appellee requested admissions of appellant which adduced the following facts:

1. That the exhibits attached to Plaintiff's Original Petition are true and correct copies of the leases in question.
2. That defendant, Davis, executed said agreements.
3. That plaintiff is the party entitled to sue on said agreements.
4. That defendant defaulted on his payment under said agreements.
5. That prior to filing this lawsuit, demand was made on defendant to pay plaintiff.
6. That defendant did not make such payment.
7. That defendant did not know who the holder and owner of the leases were.
8. That the defendant did not know whether the correct balance on the leases was $5,706.74.

Appellee thereafter filed a motion for summary judgment with two affidavits attached in support of its motion. One affidavit was verified by John Lettiere, Vice President of appellee and the second was verified by appellee's attorney, William Petersen, requesting attorney's fees.

Appellant did not file any response to the motion for summary judgment, nor did he file any other response or pleading aside from his original answer, which consisted only of a general denial. Appellant did not plead any affirmative defenses.

After considering the pleadings, admissions, motions and affidavits, the trial court granted appellee's summary judgment, rendering judgment for $5,706.74, stipulated attorney's fees and costs of court. From this judgment appellant has appealed setting out five points of error and appellee has challenged this court's jurisdiction to consider such appeal.

Appellee contends this court does not have jurisdiction of this case because the transcript was not timely filed. We find this contention to be correct. The transcript should have been filed December 26, 1978. Instead, it was filed one day late on December 27, 1978. In support of his tardy filing, appellant filed a motion for extension of time to file this transcript, citing Rules 21c, 4 and 5, T.R.C.P.

Appellant's major contention in his motion is that a legislative declaration stating December 26, 1978 "may" be taken as a Christmas holiday for state employees, implies such day is to be a holiday by popular acceptance, which holiday should be construed within the meaning of legal holidays as applied to Rule 4. Under appellant's contention he should be allowed an extra day for filing. The Legislative declaration cited by appellant is found in Supplement

to House Journal, H.B. 510, 1977, page V–31, a publication specifically dealing with appropriations matters in which said day was listed as a "may" take and not enumerated as a holiday. Only those days enumerated in our present statute dealing with legal holidays, article 4591, V.A.C.S., are holidays within the meaning of Rule 4. This article makes no provision for the Legislature to declare a holiday by public acceptance. At one time the Legislature did provide for a holiday by common acceptance for the banks in this State, as will be discussed, but since that time the Legislature and the courts have strictly held that only those days enumerated in article 4591 are legal holidays as applied to Rule 4. The attorney general reiterated this point in Tex.Atty.Gen. Op. No. H–845(1976), stating that a "legal holiday" must be included within the enumeration of legal holidays in article 4591.

In support of appellant's contention, he cites the case of *Blackman v. Housing Authority of City of Dallas,* 152 Tex. 21, 254 S.W.2d 103 (Tex.1953). When this case was decided in 1953, our present statute, article 4591, was followed by section 4591d. This extra section was enacted as an emergency safeguard measure in 1947, for the banks and trust companies of this state wherein the legislature stated:

"banks and trust companies of this State are at this time uncertain as to the liability they might incur by closing on certain days commonly celebrated as holidays but not designated in such Article as legal holidays, creates an emergency . . ." (Act of May 22, 1947, 50th Leg., Reg. Sess., p. 424, Ch. 230 § 2)

The court held that where article 4591d allowed the banks to close on certain days commonly celebrated as holidays, it would extend this legislative declaration to Rule 4 and allowed the appeal.

Subsequently, article 4591d was transferred to the banking statutes and re-written into present day article 342–910a, V.A.C.S. Where article 4591d was once appropriate for deciding a "legal holiday," it is now limited to holidays for banking purposes. Even in reading 342–910a, banks may no longer close for holidays commonly celebrated by the public, but must follow strict procedures in deciding what days will be celebrated as holidays.

Cases following *Blackman* limit it to the time period during which article 4591d was an appropriate part of that statute. In *Smith v. Harris County-Houston Ship Channel Navigation District,* 160 Tex. 292, 329 S.W.2d 845 (1959), the court stated:

. . . The application of Rule 4 as interpreted in the *Blackman* case was reasonably certain in the light of the statutes then in force, but this will not be true if such interpretation is now extended to include any day in the year which has ever been recognized by the Legislature as a general holiday by popular acceptance. In our opinion, it would be unwise to go that far and the question submitted by the Court of Civil Appeals is answered in the negative. Under our present statutes, only the days designated in Article 4591 are legal holidays within the meaning of Rule 4."

The authorities are now virtually uniform in holding that only holidays enumerated in the present statute, article 4591, are legal holidays within the meaning of Rule 4. *Saurez v. Brown,* 414 S.W.2d 537 (Tex.Civ. App.—Corpus Christi 1967, err. ref'd); *Bean v. City of Arlington,* 464 S.W.2d 208 (Tex.Civ.App.—Fort Worth 1971, no writ); *Martinez v. State,* 511 S.W.2d 934 (Tex.Cr. App.1974).

The last day for filing of the motion for extension of time in which to file the transcript being December 26, 1978, appellant's transcript filing on December 27, 1978, was late, since such filing was not within the 15 days required by Rule 21c. With no transcript, this court has no jurisdiction and this appeal is accordingly dismissed. *Meshwert v. Meshwert,* (Tex.1977) 549 S.W.2d 383; *United States Fire Insurance Company v. Strickland,* 547 S.W.2d 338 (Tex.Civ.App.—Dallas 1977, no writ).

Notwithstanding our holding on the question of jurisdiction, we have considered appellant's points of error and find them without merit.