**Fernando GRAJEDA et ux., Appellants,**

v.

**CHARM HOMES, INC., Appellee.**

**No. M11835A.**

Court of Civil Appeals of Texas, El Paso.

March 4, 1981.

Herbert E. Marsh, Jr., El Paso, for appellants.

Weldon Copeland, Jr., Glenn E. Woodard, El Paso, for appellee.

OPINION ON MOTION

WARD, Justice.

This is an opinion on a "Motion to Docket Appeal" which was filed herein on February 27, 1981. We dismiss the attempted appeal for want of jurisdiction due to the late filing of the appeal bond and the late filing of the motion in this Court.

This is a deceptive trade practices case in which the Plaintiffs in the lower court sought damages for negligent construction and breach of warranty in the construction

and sale of a new residence. The cause was tried before a jury and a verdict reached on January 18, 1980. A take-nothing judgment against Plaintiffs was signed by the trial judge on December 2, 1980, and file-marked by the District Clerk on December 4, 1980.

Appellants filed an appeal bond with the District Clerk on Monday, January 5, 1981, this being thirty-four days after the judgment was signed. This bond was not timely under Rule 356(a), Tex.R.Civ.P. The reason for the late filing is not in dispute. January 1, 1981, the day on which the appeal bond was required to be filed by Rule 356(a), was a legal holiday. Tex.Rev.Civ. Stat.Ann. 4591 (Supp.1980). Under the provisions of Rule 4, Tex.R.Civ.P., filing was excused until January 2, 1981. The El Paso County Commissioners gave all County employees an additional holiday on Friday, January 2, 1981. The County Courthouse was closed on that day and the District Clerk's Office locked. Appellants claim that, for this reason, the appeal bond could not be tendered to the District Clerk on January 2, 1981.

■ It is well settled in Texas that only the days designated in Article 4591 are legal holidays within the meaning of Rule 4, Tex.R.Civ.P.; *Smith v. Harris County-Houston Ship Channel Navigation District*, 160 Tex. 292, 329 S.W.2d 845 (1959); *Suarez v. Brown*, 414 S.W.2d 537 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd); *Davis v. Equilease Corporation*, 583 S.W.2d 645 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ).

■ We consider the holding of *Suarez v. Brown*, supra, to control the disposition of the case at bar. In that case, an affidavit in *forma pauperis* was filed on January 3, this being one day late under the requirements of Rule 356, Tex.R.Civ.P. The reason for the late filing was that the district clerk's office was closed on January 2, that day being declared a holiday by the county commissioners of the county in which the courthouse was located. The Court rejected the contention that January 2 should be considered a holiday under Rule 4, Tex.R. Civ.P., stating:

We construe this language to mean that if a county office or all offices in the courthouse are authorized by the county officials in charge to close on a certain day which is not designated by statute (art. 4591) as being a legal holiday, such authorization to close does not create a legal holiday within the provisions of Rule 4.

We are mindful of the fact that the district clerk operates under a duty to file such papers as are tendered for filing and to place no obstruction in the path of parties attempting to file same. *Standard Fire Insurance Company v. LaCoke*, 585 S.W.2d 678 (Tex.1979). The Appellants in this cause do not assert that the appeal bond was tendered to the clerk, who refused to file it. The only argument raised by Appellants is that the Courthouse was closed on January 2, 1981, and the bond could not be filed on that day. This fact, standing alone, is insufficient to establish that the appeal bond was timely tendered to the District Clerk.

The last amendment to Rule 356(b) provides that an extension of time may be granted by the appellate court for the late filing of a cost bond if the bond and a motion reasonably explaining the need for an extension are filed within fifteen days after the last day allowed. Failure to file the bond and motion for extension within the fifteen-day period returns counsel to the original time limits of Rule 356(a), which are jurisdictional. Pope and McConnico, *Practicing Law With the 1981 Texas Rules*, 32 Baylor L.Rev. 457, 501 (1980). Appellants did not avail themselves of this remedy, and we do not reach the issue of whether closing the District Clerk's Office, due to the action of County officials, is a reasonable explanation for an extension of time in which to file a late cost bond.

For the above reasons, the attempted appeal is dismissed for want of jurisdiction.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent. The obvious reason for the rule allowing the filing of in-

struments on the next day of business when the filing day falls on a Saturday, Sunday or legal holiday is because it is not possible to file it when the clerk's office is closed. The clerk's office was closed to these Appellants on the day their bond was due. Closed is closed, whether by action of the legislature or the commissioners court. To these Appellants, it makes no difference who ordered it closed, and no distinction should be made as to who closed it. The test is not who closed it, but that it was closed.

Appellee joins Appellants in the request that the appeal be docketed. There is no issue as to the filing. This Court should not create one by looking behind the closed clerk's door to see who ordered it closed to these Appellants.