**Oscar M. BEAVER, et ux., Appellants,**

v.

**A. O. SKINNER, Individually and d/b/a Skinner's Screen Shop, Appellee.**

**No. 17677.**

Court of Appeals of Texas,
Austin.

March 3, 1982.

Bill Buckner, Mary P. Beeman, Buckner Law Offices, Georgetown, for appellants.

Jim D. Hughes, Law Offices of Jim D. Hughes, Georgetown, for appellee.

PER CURIAM.

Appellants have moved this Court to extend the time for filing an appeal bond with the district clerk of Williamson County. Appellee has responded in opposition to the motion to extend. This Court will overrule the motion to extend.

The question before the Court concerns the interpretation given the phrase "reasonably explaining the need," as employed by Tex.R.Civ.P. 356(b), as amended in 1981, within the context of motions for extensions of time to file appeal bonds. Appellants advocate a construction which would permit substitute counsel's inability to contact the former attorney in a suit to stand as an acceptable excuse for the failure to ascertain the date upon which judgment was signed, and therefore, the failure to timely tender the requisite appeal bond.

Trial was begun in the court below on October 26, 1981. The jury returned its verdict three days later. Appellants promptly filed a motion for judgment *non obstante veredicto*, which was heard, together with appellee's motion for judgment, on the morning of December 18, 1981. At the conclusion of the arguments, the court denied appellants' motion *non obstante veredicto* and signed the judgment for appellee. By 11:00 a. m. of that same day, the

judgment had been duly recorded in the clerk's office and was reflected on the court's docket sheet.

On December 27, 1981, appellants' notice of substitution of counsel and notice of appeal were filed with the district clerk. Within the latter, appellants alleged notification by telephone that the motion for judgment *non obstante veredicto* had been orally denied but averred ignorance as to whether a written judgment had yet been signed.

Appellants' motion to extend, filed with this Court on January 25, 1982, developed their contention that substituted counsel's frustrated efforts to reach the former attorney, in order to discover whether judgment had been signed, absolved him of any further responsibility to elicit the date.

Appellee's motion in opposition of the extension countered that had appellants made any attempt to examine the district clerk's records or even to have made inquiry of the district clerk, the date judgment was signed would have been revealed.

Unlike the rules governing motions for extension of time to file the transcript and statement of facts,[1] resort to rules outside the main text is not necessary to ascertain the measure for explanations offered for the late filing of appeal bonds. Rule 356 is the exclusive source. Section (b) provides, in pertinent part:

> An extension of time may be granted by the appellate court for late filing of a cost bond ... if such bond is filed ... within fifteen days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension.

We conclude appellants' explanation does not fall within the purview of reasonable as envisioned by Rule 356. Additionally, it should be observed that although appellants' motion was submitted to this Court within the fifteen day grace period afforded by Rule 356, there is no pleading or proof the cost bond itself has been tendered to the district clerk. *See Grajeda v. Charm*

1. Tex.R.Civ.P. 386, 437, and 21c.

*Homes, Inc.*, 614 S.W.2d 176 (Tex.Civ.App.—El Paso 1981, no writ).

The motion is overruled.