**Allan ZIDELL, Appellant,**

v.

**NHP REAL ESTATE COMPANY,**
**Appellee.**

**No. 13786.**

Court of Appeals of Texas,
Austin.

Nov. 17, 1982.

Gerald R. Coplin, Richardson, Michael Wash, Law Offices of Michael A. Wash, Austin, for appellant.

Larry Niemann, Niemann & Niemann, Austin, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

SHANNON, Justice.

Appellant Allan Zidell appeals from an order of the district court of Travis County denying his plea of privilege. The order was signed on June 4, 1982. Appellant's cost bond was filed with the district clerk on Tuesday, July 6, 1982. Because appellant failed to timely file his cost bond, this Court will dismiss the appeal.

In accelerated appeals, an appellant must file a bond within thirty days after the complained of judgment or order is signed. Tex.R.Civ.P.Ann. 385(d) (Supp.1981). When a bond is not filed within the required time, the rules provide that an extension of time may be granted by the appellate court if the bond is filed within fifteen days after the last day allowed, provided a motion is filed within the same period in the appellate court reasonably explaining the need for the extension. Tex.R. Civ.P.Ann. 356(b) (Supp.1981).

Appellant failed to timely file his cost bond with the court; in addition he filed no motion for extension of time in this Court. The thirtieth day after the order denying appellant's plea of privilege was Sunday, July 4, 1982. When the last day of a computation period falls on a Saturday, Sunday, or legal holiday, the period runs until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday. Tex.R.Civ.P.Ann. 4 (1979).

■ The legislature has enumerated the legal holidays as they apply to judicial proceedings. Tex.Rev.Civ.Stat.Ann. art. 4591 (Supp.1981). Although Sunday, July 4, 1982, was such a holiday, Monday, July 5, 1982, was not a legal holiday for the purpose of computing appellant's filing deadline in this appeal. *Grajeda v. Charm Homes, Inc.*, 614 S.W.2d 176 (Tex.Civ.App. 1981, no writ). Therefore, to comply with the rule, appellant's bond should have been filed on or before July 5, 1982.

■ The failure to timely file a cost bond creates a jurisdictional defect in the appeal. *Texas Employers Insurance Association v. Martin*, 162 Tex. 376, 347 S.W.2d 916 (1961); *Pridgen v. Damon*, 298 S.W.2d 278 (Tex.Civ. App.1957, writ ref'd).

■ The concurring justice mounts an attack on the rule of law that a "legal holiday" is one established by act of the legislature and no other. That attack is ill-founded for at least two reasons. First, there is no basis in fact for the assumption that the Travis County Courthouse was closed on Monday, July 5, 1982. The transcript is absolutely devoid of any evidence that the Courthouse was open or closed on July 5. In fact, nothing in the transcript even bears upon that issue. One cannot discern from the record the reason for appellant's failure to file the cost bond on July 5. Second, should we assume that the Courthouse was closed on July 5, the settled law is that a "legal holiday" as contemplated by Rule 4 is one established by act of the legislature and no other. *Smith v. Harris County-Houston Ship Channel Navigation District*, 160 Tex. 292, 329 S.W.2d 845 (1959); *Suarez v. Brown*, 414 S.W.2d 537 (Tex.Civ.App.1967, writ ref'd). Since appellant was required to file the cost bond on July 5, and assuming the Courthouse was closed on that day, appellant should have arranged to file the cost bond with the district clerk or district judge.

The law with respect to "legal holidays" is clear; equally clear is the duty of this intermediate court to apply that law. The appeal is dismissed.

Appeal Dismissed.

GAMMAGE, Justice, concurring.

In the face of *Smith v. Harris County-Houston Ship Channel Navigation District*, 160 Tex. 292, 329 S.W.2d 845 (1959); *Suarez v. Brown*, 414 S.W.2d 537 (Tex.Civ.App. 1967, writ ref'd), and *Grajeda v. Charm Homes, Inc.*, 614 S.W.2d 176 (Tex.Civ.App. 1981, no writ), I dutifully but reluctantly concur in the majority opinion.

The arbitrary application of Rule 4, Tex. R.Civ.P., as heretofore construed, can and does have harsh, inequitable and unreasonable results.

Appellant here filed his cost bond on the first day it was *possible* for him to do so following the Fourth of July—that is, July 6, the first day the courthouse was open for business following the "legal" holiday. Because the courthouse was closed on July 5, and it was *impossible* for appellant to file timely, there is a good possibility that his motion for extension of time would have been granted if filed any time within the next 15 days following the Fourth of July, up to and including July 19.

Appellant's error was in relying upon the fifth of July as being a "legal" holiday because the courthouse was closed on the lawful authority of the commissioners court, in filing his cost bond as soon thereafter as possible, and in trusting that a motion for extension of time was unnecessary. His substantive compliance with Rule 4 did not meet the rigid requirements of form.

The arbitrary and rigid application of rules in a manner which ignores logic can only serve to confirm in the minds of both laymen and lawyers what is already believed, or at best strongly suspected, by many—that the law bears little relationship to reason or reality. Such practices in an earlier day motivated Charles Dickens (and could well motivate others in our time) to comment through a frustrated Mr. Bumble: "If the law supposes that, . . . the law is a ass—a idiot. . . . [A]nd the worst I wish the law is, that his eye may be opened by experience—by experience." Dickens, Oliver Twist, in Three Novels (Hamlyn 1977), at 356.

A holiday declared by a lawfully empowered local governing body is certainly not an "illegal" or "non-legal" holiday, even though not declared in statutory form by the legislature. The existence of 254 counties creates the possibility of 254 separate practices regarding "legal" State holidays which fall on weekends.

Some local governing bodies grant holidays on the normal workdays before the weekend, some on the normal workday following, some on both and some on neither. It should also be noted that, as a matter of practice, some local governing bodies occasionally announce such holidays only days, or even hours, before the given date.

To how much diligence is counsel to be put to determine whether the courthouse which is closed on a normal workday is in fact closed for a "legal" holiday?

The pertinent part of Rule 4 reads as follows:

> The last day of the period so computed is to be included, unless it is a Saturday, Sunday or *legal holiday,* in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a *legal holiday.* (emphasis added)

Nowhere in Rule 4 does one find a definition of the term "legal holiday." Instead, one must search the cases and rely upon dictum in *Blackman v. Housing Authority of City of Dallas,* 152 Tex. 21, 254 S.W.2d 103, 105 (1953), which states:

> Nor do we think the rule meant to include those days, which the Commissioner's Court of the County . . . might choose to designate as a holiday.

*See also Suarez, supra,* which follows this statement in *Blackman.*

Assuming that a rule should be written so that its clear meaning is readily apparent to a layman, it is respectfully suggested that the Supreme Court reexamine the language of *Blackman* and its successor cases, and that Rule 4 be amended to include on its face a definition of the term "legal holiday," which either clearly includes [1] or clearly excludes [2] holidays declared by local governing bodies.

As stated by Chief Justice Preslar in his dissent in *Grajeda, supra:*

> Closed is closed, whether by action of the legislature or the commissioners court. To these Appellants, it makes no difference who ordered it closed, and no distinction should be made as to who closed it. The test is not who closed it, but that it was closed.

614 S.W.2d at 178.

It makes little sense to have, as current construction requires, a courthouse that is *de facto* closed and *de jure* open.

---

1. For example: "The term 'legal holiday' as used herein means those holidays declared by the Legislature in Tex.Rev.Civ.Stat.Ann. art. 4591 and, in any particular county of this State, those holidays lawfully declared by the county's commissioners court."

2. For example: "The term 'legal holiday' as used herein means only those holidays declared by the Legislature in Tex.Rev.Civ.Stat.Ann. art. 4591."