**MILLER BREWING CO., Hauschild Distributing Co., and Canales Drive–In Grocery, Appellants,**

v.

**Miguel VILLARREAL, Appellee.**

**No. 04–91–00252–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 4, 1991.

Rehearing Denied Jan. 9, 1992.

Margil Sanchez, Jr., Rio Grande City, Joe Escobedo, Jr., Atlas & Hall, McAllen, for appellants.

Frank R. Nye, Jr., Law Offices of Frank R. Nye, Jr., Rio Grande City, Charles A. Nicholson, Law Offices of Pat Maloney, P.C., San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and CARR, JJ.

## OPINION

PER CURIAM.

Final judgment was signed February 27, 1991. The motion for new trial was due to be filed by March 29, 1991. TEX.R.CIV.P. 329b(a). It was not filed until April 1, 1991. Because the appellate timetable was not extended by the late-filed motion for new trial, the cost bond and transcript were filed late. We ordered appellants to show cause why their appeal should not be dismissed for want of jurisdiction. Appellee has filed a motion to dismiss the appeal for lack of jurisdiction.

Appellants present three arguments in support of the timeliness of their appeal. They argue that their motion for new trial was timely because it was filed on the first working day following a "legal holiday" declared by the county commissioners' court. They argue that their motion to disregard certain jury findings, filed prior to the judgment, is the equivalent of a motion for new trial and is sufficient to extend the appellate timetable. Finally, appellants argue that the time for filing the motion for new trial should be counted from certain post-judgment orders signed by the trial court.

We overrule each of these arguments and dismiss the appeal for want of jurisdiction.

## I.

■ The due date of the motion for new trial was Friday, March 29, 1991. That day was Good Friday and was designated as a holiday for county employees by the commissioners' court. The courthouse was closed that day. Appellants filed their motion for new trial on the following Monday. They argue that their motion was filed timely because it was filed on the first day that was not a Saturday, Sunday or legal holiday. TEX.R.CIV.P. 4.

Good Friday is not a legal holiday under Rule 4. A legal holiday is one established by act of the legislature and no other.

*Zidell v. NHP Real Estate Co.,* 643 S.W.2d 199, 200 (Tex.App.—Austin 1982, no writ). Good Friday is not included in the legal holiday statute. TEX.REV.CIV.STAT.ANN. art. 4591 (Vernon Supp.1991). Nor is it included among the other days the supreme court has recognized as legal holidays. *Blackman v. Housing Auth. of the City of Dallas,* 152 Tex. 21, 254 S.W.2d 103, 105 (1953) (banking holidays); *Mid–Continent Refrigerator Co. v. Tackett,* 584 S.W.2d 705,706 (Tex.1979) (days declared as state employee holidays by the legislature in the Appropriations Act).

Days recognized by legislative declaration as being "general holidays by popular acceptance" are legal holidays. *Johnson v. Texas Employers Ins. Assoc.,* 674 S.W.2d 761, 762 (Tex.1984); *Blackman,* 254 S.W.2d at 105. Appellants argue that days designated as holidays by county commissioners' courts are such holidays. They cite three statutes in support of their argument. TEX.CIV.PRAC. & REM.CODE ANN. § 16.072 (Vernon 1986) (computation of all limitations periods); TEX.REV.CIV.STAT.ANN. art. 5547–4(19) (Vernon Supp.1991) (Mental Health Code definition of "legal holidays"); TEX.HEALTH & SAFETY CODE ANN. § 463.-001(7) (Vernon Pamphlet 1991) (Health & Safety Code definition of "legal holidays"). The latter two statutes define legal holidays to include officially declared county holidays.

We do not view these statutes as legislative declarations that all county-designated holidays are "general holidays by popular acceptance." The supreme court has specifically held that the term "legal holidays" as used in Rule 4 does not include holidays declared by a county commissioners' court. *Blackman,* 254 S.W.2d at 105. *Accord Zidell,* 643 S.W.2d at 200; *Grajeda v. Charm Homes, Inc.,* 614 S.W.2d 176, 177 (Tex.App.—El Paso 1981, no writ); *Suarez v. Brown,* 414 S.W.2d 537, 539 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd). While *Blackman* also held that days designated by the legislature as banking holidays would be regarded as legal holidays, the court was persuaded by the specific legislative statement that the days desig-

nated were "commonly celebrated as holidays...." 254 S.W.2d at 106. We can imply no such legislative declaration in the statutes cited by appellants.

In any event, until the supreme court rewrites the procedural rules, or accepts holidays declared by the various county commissioners' courts as legal holidays, we, and appellants, are bound by its interpretation of Rule 4 as set out in *Blackman*.[1]

As the law now stands, a litigant's only alternative when confronted with the problem of a closed courthouse is to deposit the document to be filed in the mail on or before its due date in accordance with TEX. R.CIV.P. 5. If the motion is then delivered within 10 days, it will be deemed timely filed.

## II.

■ Appellants' second argument is that their motion to disregard certain jury findings, filed January 31, 1991, is the equivalent of a motion for new trial and is sufficient to extend the appellate timetable. Appellants requested in the motion that certain damages findings be disregarded

and that a judgment be entered in accordance with the remainder of the findings. They requested the entry of a take nothing judgment, or, alternatively, a judgment for the amount supported by appellee's pleadings and the proof.

■ The character of a motion is judged by its substance rather than by its form or caption. *Taylor v. Trans–Continental Properties, Ltd.*, 739 S.W.2d 873, 876 (Tex.App.—Tyler 1987, no writ); *Brazos Elec. Power Coop., Inc. v. Callejo*, 734 S.W.2d 126, 128 (Tex.App.—Dallas 1987, no writ). Any post-judgment motion, which, if granted, would result in a substantive change in the judgment as entered, extends the time for perfecting the appeal. *Callejo*, 734 S.W.2d at 128. *Accord Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 885 (Tex.App.—Corpus Christi 1991, n.w.h.); *Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex.App.—Dallas 1991, no writ). Clearly appellants' motion, if granted, would have resulted in a substantive change in the verdict—it would have eliminated or significantly reduced the amount of damages awarded to appellee.[2] The mo-

---

1. There is a growing chorus insisting that days officially designated as holidays by the county commissioners' courts be regarded as legal holidays. *AAAction Plumbing Co. v. Stewart*, 792 S.W.2d 501, 502 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (O'Connor, J., dissenting); *Zidell*, 643 S.W.2d at 200 (Gammage, J., concurring); *Grajeda*, 614 S.W.2d 176, 177 (Preslar, C.J., dissenting). We add our voices to these and respectfully urge the supreme court to include officially designated county holidays as legal holidays within the contemplation of TEX. R.CIV.P. 4 and TEX.R.APP.P. 5.

There can be little justification for a rule that requires a document to be filed on a day that the building in which it must be filed is locked and empty. If uniformity in legal holidays is the goal in ignoring county holidays, at what price is it achieved? In the case before us, as with too many others, a litigant is denied his day in court. If certainty is the goal to be achieved, certified proof of the commissioners' court's designation of holidays would not be difficult to obtain and produce in court.

The critical factor, we believe, is that the recognition of a few extra days throughout the state as legal holidays would penalize no litigant. No one is hurt by an extra day in which to file a document. Unfortunately, under the current scheme, *many* litigants are harmed by the requirement that their document be filed in

a closed courthouse. Litigants with genuine grievances are left on the courthouse steps literally locked out of court. Can it sincerely be argued that such a rule comports with the noble mandate of TEX.R.CIV.P. 1 that the proper objective of the procedural rules "is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law"?

As Chief Justice Preslar so succinctly put it in his dissent in *Grajeda:* "Closed is closed, whether by action of the legislature or the commissioners court. To these Appellants, it makes no difference who ordered it closed, and no distinction should be made as to who closed it. The test is not who closed it, but that it was closed." 614 S.W.2d at 178.

2. Although not at issue in this proceeding, we question whether the term "substantive" is properly included in the rule as enunciated by *Callejo* and its progeny. If a judgment is modified, corrected or reformed "in any respect" (other than a clerical correction pursuant to TEX. R.CIV.P. 316) the appellate timetable will run from the time the modified, corrected, or reformed judgment is signed. TEX.R.CIV.P. 329b(h). *See Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex.1988) (*any* change, whether or not material or substantial, made in a judgment while

tion will not extend the timetable, however, because it was filed prior to the signing of the final judgment.

Appellants argue that their motion should be considered timely because it is equivalent to a premature motion for new trial according to Tex.R.Civ.P. 306c. We do not agree.

The motion under consideration in *Callejo*, although entitled a "motion to modify," was held to be, in substance, a motion for judgment on the verdict. 734 S.W.2d at 128. Such a motion is a pre-judgment motion and is properly filed before a judgment is signed. *Id.* at 129. When a final judgment is signed, all prejudgment motions are disposed of and are no longer live pleadings capable of extending the appellate timetable. *Id.* For this reason, these motions cannot be considered as prematurely filed motions for new trial. *Id.*

Appellants' motion is also properly a prejudgment motion. It requests that the court disregard certain findings that allegedly have no support in the evidence and enter a judgment properly based on the pleadings and proof. The pre-judgment motion in *Callejo*, however, was filed *after* the judgment was signed. Thus, it remained a viable motion and was effective to extend the timetable. *Id.* In contrast, appellants' motion to disregard jury findings was filed *prior* to the signing of the judgment. Although the motion sought a substantive change in the verdict, the judgment subsequently signed was a judgment on that verdict and implicitly overruled the motion to disregard the jury's findings. It is no longer a live motion sufficient to extend the appellate timetable. *Id.*

### III.

◼ Appellants' final argument is that the motion for new trial was timely filed on April 1 because on February 28, the day after the final judgment was signed, the court signed orders denying appellants' motion to disregard jury findings and granting appellee's motion for judgment on the

verdict. Appellants cite Rule 329b(a) which requires the motion for new trial to be filed within 30 days after the judgment "or *other order complained of* is signed." (emphasis added).

We cannot accept appellants' argument. The orders signed by the court on the 28th did not modify, correct or reform the court's judgment in any respect. Thus, the appellate timetable must run from the judgment signed on the 27th. Tex.R.Civ.P. 329b(h).

### IV.

Because the appellate timetable was not extended, appellants were required to perfect their appeal by March 29, 1991, the 30th day following the signing of the final judgment. Their bond was not filed until May 7, 1991. No motion for extension of time was filed. The failure to timely file a cost bond results in a jurisdictional defect in the appeal. *Texas Employers Ins. Ass'n v. Martin*, 162 Tex. 376, 347 S.W.2d 916, 917 (1961).

Appellee's motion to dismiss this appeal is granted. The appeal is dismissed for want of jurisdiction. In light of our holding, appellants' motions for extension of time in which to file the record are overruled as moot.

### ON APPELLEE'S MOTION TO DISMISS APPEAL

BUTTS, Justice, concurring.

While I concur in the opinion and judgment, I do not join in the pleas of note 1.

This same argument has been presented to the supreme court and to the legislature many times in the past. It has been considered and rejected.

The particular holiday in this case is one of long-standing knowledge and popularity in south Texas, "Good Friday." It is not surprising that the courthouse was closed. That fact was known in advance. But it is

---

the trial court retains plenary power, delays the running of the appellate timetable until the new judgment is signed). It follows that a motion

requesting a less than substantive change in the judgment should also extend the timetable. *See* Tex.R.Civ.P. 329b(g).

not named as a "legal holiday." Nor is that necessary.