Joe Escobedo, Jr., Charles W. Hury, McAllen, for petitioners.

Frank R. Nye, Jr., Rio Grande City, Charles Nicholson, San Antonio, for respondent.

**MILLER BREWING COMPANY
and Haunschild Distributing
Company, Petitioners,**

**v.**

**Miguel VILLARREAL, Respondent.**

**No. D–2090.**

Supreme Court of Texas.

April 29, 1992.

F.2d 1287, 1290–91 (8th Cir.1984), *cert. denied,* 471 U.S. 1003, 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985).

**PER CURIAM.**

We decide here whether a day on which a courthouse is closed by direction of the county commissioners court is a "legal holiday" within the meaning of Rule 4, TEX. R.CIV.P. We hold that it is.

Petitioners Miller Brewing Co. and Haunschild Distributing Co. had thirty days from the date the County Court at Law of Starr County signed its judgment in this case in favor of respondent Miguel Villarreal either to file a motion for new trial, TEX.R.CIV.P. 329b(a),[1] or to perfect an ap-

1. "A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."

peal, TEX.R.APP.P. 41(a)(1).[2] The thirtieth day fell on March 29, 1991, Good Friday, which the Starr County Commissioners Court had declared to be a county holiday. Consequently the courthouse where petitioners were to file their motion for new trial was closed. Petitioners filed their motion the following Monday, April 1, the next day the courthouse was open. Petitioners' cost bond filed May 7, 1991, timely perfected their appeal only if their motion for new trial was timely filed. TEX. R.APP.P. 41(a)(1).

The manner in which the time period for filing a motion for new trial is calculated is governed by Rule 4, TEX.R.CIV.P., which states in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.

Applying the rule to this case, petitioners' motion was timely filed only if Good Friday was a "legal holiday".

The court of appeals held that Good Friday is not a legal holiday and that petitioners' motion for new trial was not timely filed. 822 S.W.2d 177. (Tex.App.1991) The court considered itself constrained by our decision in *Blackman v. Housing Authority of Dallas*, 152 Tex. 21, 254 S.W.2d 103 (1953), which defined "legal holiday" as used in Rule 4, TEX.R.CIV.P., to include those days which the Legislature has either specifically designated as general holidays or "recognized by legislative declaration as being general holidays by popular acceptance." 254 S.W.2d at 105. *Blackman* restricted "legal holiday" to these two cate-gories of holidays, expressly declining to include holidays designated by commissioners courts, apparently out of concern that a broader definition would encompass too many days and make application of the rule too uncertain. *Id.*

Because the day at issue in *Blackman* was a state banking holiday, the Court held that it fell within the second category of legal holidays, those recognized by the Legislature as holidays by general acceptance. The language of the opinion restricting legal holidays to only two categories, and excluding holidays designated by commissioners courts, was not essential to the disposition of the case and was therefore dicta. We have followed the holding of *Blackman* in several subsequent cases. *Dorchester Master Ltd. v. Hunt*, 790 S.W.2d 552, 553 (Tex.1990) (per curiam); *Johnson v. Texas Employers Ins. Ass'n*, 674 S.W.2d 761, 762 (Tex.1984) (per curiam); *Mid–Continent Refrigerator Co. v. Tackett*, 584 S.W.2d 705, 706 (Tex.1979) (per curiam); *Smith v. Harris County— Houston Ship Channel Navigation Dist.*, 160 Tex. 292, 329 S.W.2d 845, 846 (1959). We have relied upon the *Blackman* dicta only once, however, in *Suarez v. Brown*, 414 S.W.2d 537, 539 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd), and we are aware of only one court of appeals to have based a decision upon it, *AAAction Plumbing Co. v. Stewart*, 792 S.W.2d 501, 502 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

Under our current rules, a party who finds the courthouse closed on the last day that a document must be filed is not without recourse. He may mail the document that day, and if it is received by the clerk not more than ten days later it is timely filed. TEX.R.CIV.P. 5; TEX.R.APP.P. 4(b).[3] He may also locate the clerk or judge of the court and file the document with them. TEX.R.CIV.P. 74; TEX.R.APP.P. 4(b). In some circumstances, a party may also

---

2. "When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party...."

3. Before September 1, 1991, these rules required that the document be mailed the day before the last day.

move for an enlargement of time. TEX. R.CIV.P. 5; TEX.R.APP.P. 41(a)(2), 54(c), 100(g), 130(d), 190(e). However, we think that the issue is not whether a restrictive construction of "legal holiday" prevents or impedes a party from timely filing a document, but whether there is good reason to adopt such a construction.

The drafters of federal rules have not thought so. Rule 6(a), FED.R.CIV.P., and Rule 26(a), FED.R.APP.P., also exclude the last day from a time period when it falls on a legal holiday, but those holidays include not only specified days, but other federal holidays, and state holidays where the case is pending.[4] Including state holidays among legal holidays does not appear to have confused the computation of time periods under the federal rules, and we fail to see how including county holidays among legal holidays under our state rules will generate any greater confusion. Moreover, Rule 30.1 of the Rules of the United States Supreme Court excludes the last day from the computation of time periods whenever the Court building is closed. Since 1985, the federal rules have even extended time periods whenever "weather or other conditions have made the office of the clerk ... inaccessible." We know of nothing to suggest that these rules have proved unworkable.

We are persuaded that the construction of "legal holiday" suggested by *Blackman* is unduly restrictive. We hold that "legal holiday", as used in Rule 4, TEX.R.CIV.P., includes a day which the commissioners court in the county in which the case is pending has determined to be a holiday, or on which the clerk's office for the court in which the case is pending is officially closed. We overrule *Suarez* and disapprove *AAAction*.

Accordingly, a majority of the Court grants petitioners' application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands this case to that court for further proceedings. TEX.R.APP.P. 170.

---

**4.** Rule 6(a) states in part:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.... As used in this rule ..., "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washing-

ton's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

Rule 26(a) is identical, except that it does not refer to the district court, and the following sentence replaces the last phrase:

It shall also include a day appointed as a holiday by the state wherein the district court which rendered the judgment or order which is or may be appealed from is situated, or by the state wherein the principal office of the clerk of the court of appeals in which the appeal is pending is located.