cv5-489.dd.greenough 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00489-CV







Mara Greenough, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 93-06923, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







PER CURIAM


 Appellee Texas Department of Protective and Regulatory Services moves to dismiss
the appeal for want of jurisdiction. We will grant the motion and dismiss the appeal.

 The trial court signed the judgment terminating the parental rights of Mara
Greenough on May 5, 1995. The judgment was sent to her attorney by certified mail on May 10,
1995, return receipt requested. The receipt was returned, signed by her attorney. Greenough
claims she did not learn of the judgment until June 14, 1995.

 Greenough did not file the documents necessary to perfect her appeal timely or in
the correct court. Because no motion for new trial or for findings of fact and conclusions of law
was filed, the perfecting instrument was due in the trial court on June 5, 1995. See Tex. R. App.
P. 41(a)(1). The motion for extension of time to file the perfecting instrument was due in this
court on June 20, 1995; with a properly filed motion for extension, her perfecting instrument
could have been filed in the trial court as late as June 20, 1995. See Tex. R. App. P. 41(a)(2). 
The trial court received Greenough's motion for extension of time on June 23, 1995. She filed
her notice of appeal and declaration of inability to pay the costs of appeal in this court on July 19,
1995; this clerk of this court forwarded the documents to the district clerk of Travis County,
which filed them on August 9, 1995.

 Greenough attempted to perfect her appeal too late. The "mailbox rule" does not
apply here to make her appeal timely. That rule allows certain deviations from the usual filing
deadlines for motions "sent to the proper clerk by first-class United States mail in an envelope or
wrapper properly addressed." Tex. R. App. P. 4(b) (emphasis added). Greenough mailed her
motion for extension of time to perfect appeal on June 19, 1995. She incorrectly sent this motion
to the district court clerk rather than the clerk of this court. Even her motion for extension of
time had been timely, she did not file the perfecting instrument until a month after the passing of
the maximum extended deadline of forty-five days after the signing of the judgment.

 Neither has Greenough properly invoked the tolling provisions triggered by lack
of notice of the judgment. The rules of civil procedure provide that the filing periods for various
post-trial motions may be tolled if, within twenty days after the judgment, a party adversely
affected by it or her attorney has neither received the notice required by paragraph (3) of this rule
nor acquired actual knowledge of the order. Tex. R. Civ. P. 306a(4). Greenough has not shown
us that she has taken the steps in the trial court required under Rule 306a(5) to benefit from this
tolling. See Tex. R. Civ. P. 306a(5).

 Because Greenough has not perfected her appeal timely, we grant appellee's motion
to dismiss and dismiss the appeal for want of jurisdiction. Ziddell v. N.H.P. Real Estate Co., 643
S.W.2d 199, 199-200 (Tex. App.--Austin 1982, no writ).


Before Justices Powers, Kidd, and B. A. Smith

Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: October 18, 1995

Do Not Publish