**Jose Luis JOHNSON, Petitioner,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Respondent.**

No. C–3063.

Supreme Court of Texas.

July 18, 1984.

Rehearing Denied Sept. 19, 1984.

Jesus Hernandez, El Paso, for petitioner.

Kemp, Smith, Duncan & Hammond, Jim Curtis, El Paso, for respondent.

PER CURIAM.

This is an appeal from a summary judgment dismissing petitioner Johnson's appeal from an award of the Industrial Accident Board. The trial court rendered summary judgment against Johnson on the ground that his petition was not filed with the court within the time limits set forth in TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon Supp.1984). The court of appeals affirmed. 668 S.W.2d 837. Pursuant to Texas Rule of Civil Procedure 483, we grant Johnson's application for writ of error, reverse the judgments of the courts below, and remand this cause to the trial court.

The facts in this case are undisputed. The Industrial Accident Board rendered its final award on May 27, 1982. Johnson timely filed his notice of intention to appeal on June 14. He had twenty days thereafter within which to bring suit. TEX.REV. CIV.STAT.ANN. art. 8307, § 5 (Vernon Supp.1984). The twentieth day for the filing of Johnson's suit was Sunday, July 4. The record establishes that by proclamation passed by the El Paso County Commissioners Court, Monday, July 5, 1982, was a holiday for all county employees and the office of the district clerk was closed on that day. Johnson's petition appealing the award of the Industrial Accident Board was filed on Tuesday, July 6.

Section 5b of article 8307 provides in pertinent part:

In computing the twenty (20) days for the filing with the Board notices of unwillingness to abide by the final ruling and decision of the Board, and likewise in computing the twenty (20) days to institute a suit to set aside the final ruling of said Board, if the last day is a legal holiday or is Sunday, then, and in such case, such last day shall not be counted, and the time shall be and the same is

hereby extended so as to include the next succeeding business day .... TEX.REV.CIV.STAT.ANN. art. 8307, § 5b (Vernon 1967). The fourth of July is declared a legal holiday by the legislature in TEX.REV.CIV.STAT.ANN. art. 4591 (Vernon Supp.1984). The twentieth day for the filing of Johnson's suit, Sunday, July 4, 1982, was both a Sunday and a legal holiday; consequently, he was not required to file suit on that day. The issue for decision is whether Monday, July 5, 1982, was also a "legal holiday" within the meaning of the statute quoted above.

In *Blackman v. Housing Authority of City of Dallas*, 152 Tex. 21, 254 S.W.2d 103 (1953), this court held that a "legal holiday" under Texas Rule of Civil Procedure 4 included not only those days designated as holidays in article 4591, but also those which are recognized by legislative declaration as being general holidays by popular acceptance. In determining those holidays recognized by the legislature as being popularly accepted, the court looked to the statute setting forth banking holidays. At that time, the statute that prescribed banking holidays provided that when any of the legal holidays enumerated in article 4591 fell on a Sunday, the following Monday was a legal holiday. Relying on that statute, the court concluded that Monday, March 3, 1952, the day after Texas Independence Day, was a "legal holiday."

The banking holidays currently prescribed by the legislature are found in TEX.REV.CIV.STAT.ANN. article 342–910a (Vernon Supp.1984). Section one of that statute provides, "When the dates January 1, July 4, November 11, or December 25 fall on Sunday, then the Monday next following such Sunday shall also be a legal holiday for banking purposes ...." We believe that the wording of article 342–910a is a legislative recognition that when July 4 falls on a Sunday, the following Monday is a general holiday by popular acceptance. Under our holding in the *Blackman* case, we conclude that Monday, July 5, 1982, was a "legal holiday" within the meaning of section 5b of article 8307. Therefore, the filing of Johnson's petition on Tuesday, July 6, 1982, was timely under section 5 of article 8307.

The court of appeals relied upon the case of *Smith v. Harris County-Houston Ship Channel Navigation District*, 160 Tex. 292, 329 S.W.2d 845 (1959) in holding that Monday, July 5, 1982, was not a legal holiday and that Johnson's suit was not timely filed. However, *Smith* is distinguishable from both the instant case and the *Blackman* case on the basis of the banking statute in effect at the time *Smith* was decided. At the time *Smith* was decided, the statute prescribing banking holidays made no provision that when the holidays listed therein fell on a Sunday, the following Monday was a legal holiday. This is in contrast to both article 342–910a and the banking statute in effect when *Blackman* was decided.

We conclude that the opinion of the court of appeals conflicts with the *Blackman* case and with article 342–910a. Without hearing oral argument, we grant Johnson's application for writ of error, reverse the judgments of the courts below, and remand this cause to the trial court. TEX.R.CIV.P. 483.