**HOUSE OF GOD DAY CARE, Appellant,**

v.

**JIM SNELL MASTER PLUMBER, INC., Appellee.**

**No. 09 85 120 CV**

Court of Appeals of Texas, Beaumont.

Nov. 7, 1985.

Patricia A. Stone, Beaumont, for appellant.

Harold Plessala, Nederland, for appellee.

OPINION

BURGESS, Justice.

Jim Snell sued the House of God Day Care Center in Small Claims Court of Jefferson County, Texas. A judgment was entered in favor of Jim Snell on November 1, 1984. The appeal bond was due on or before November 11, 1984. *TEX.R.CIV.P. 571.* November 11, 1984, was a Sunday and the Jefferson County Courthouse observed the next day, Monday, November 12, 1984, as the Veteran's Day holiday. The day care center filed their appeal bond on Tuesday, November 13, 1984.

Jim Snell filed a motion to dismiss the appeal claiming the appeal bond had not been timely filed. The judge of the County Court of Jefferson County No. 1 granted the motion and dismissed the appeal. The day care center has perfected appeal to this court alleging the appeal bond was timely filed.

*TEX.R.CIV.P. 4* states:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday."

Jim Snell's position is that only the holidays enumerated in *TEX.REV.CIV.STAT. ANN. art. 4591* (Vernon Supp.1984) are to be considered legal holidays under *TEX.R. CIV.P. 4.* Cited as authority is *Davis v. Equilease Corp.,* 583 S.W.2d 645 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ) which followed *Smith v. Harris County-Houston Ship Channel Navigation District,* 160 Tex. 292, 329 S.W.2d 845 (1959).

House of God Day Care's position is that *art. 4591, supra,* must be read in conjunction with *TEX.REV.CIV.STAT.ANN. art. 342–910a* (Vernon Supp.1985) which states, in pertinent part:

"When the dates January 1, July 4, November 11, or December 25 fall on Sunday, then the Monday next following such Sunday shall also be a legal holiday for banking purposes on which each bank or trust company in Texas shall remain closed."

This, they claim is sound under *Blackman v. Housing Authority of City of Dallas,* 152 Tex. 21, 254 S.W.2d 103 (1953).

There is not a "white horse" case involving an appeal from a small claims court. There is, however, the recent case of *Johnson v. Tex. Employers Ins. Ass'n,* 674 S.W.2d 761 (Tex.1984). While *Johnson* in-

volves an appeal from an award of the Texas Industrial Board and the July 4th holiday instead of Veteran's Day, it does provide guidance in reconciling *Smith, supra* and *Blackman, supra.*

In *Johnson,* the court stated that *Blackman* held "that 'a legal holiday' under the Texas Rules of Procedure 4 included not only those days designated as holidays under article 4591, but also those which are recognized by legislative declaration as being general holidays by popular acceptance". The court further distinguished *Smith* on the basis of the banking statutes in effect at the time *Smith* was decided. The court reaffirms the holding in *Blackman, supra.*

Thus, House of God Day Care Center's position must be sustained. The judgment of the trial court is reversed and the cause is remanded for trial.

REVERSED AND REMANDED.