Colonel Lee FREEMAN, Jr., Appellant,

v.

DEL MAR COLLEGE, Appellee.

No. 13–85–568–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Cage Wavell, Corpus Christi, for appellant.

Shirley Selz, Allan E. Parker, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

Appellant brought suit against appellee for invasion of privacy, defamation, negligence, and nuisance. The trial court granted appellee's motion for summary judgment. Appellant's sole point of error complains that the trial court erred in granting the summary judgment. We affirm the judgment of the trial court.

Appellant ran in the general election for the Precinct 8 Constable's position. As part of appellant's qualifications for the position, he listed a police reserve training course taken at Del Mar College. The Corpus Christi Caller-Times, the local newspaper, investigated the qualification. Appellee informed the Caller-Times that appellant never enrolled in the course and that they had no records of his taking the course. The Caller-Times published several articles reporting this finding and confronted appellant about the report from appellee. Appellant continued to defend his position and produced a Police Reserve Training Certificate, issued by appellee. Upon a second review of the records, appellee found the enrollment sheets which substantiated appellant's position that he had taken the course. Appellee contends that the records had been misfiled.

■ Appellee reurges its motion to strike the transcript and to dismiss the appeal for want of jurisdiction. Appellee contends that appellant filed the transcript one day late. The one hundredth day following the trial court's signing the judgment was December 26, 1985, a Thursday. By proclamation of the legislature, this Court was closed on December 26th; therefore, the appellant filed the transcript on December 27, 1985. Appellee contends that December 26, 1985, does not constitute

a legal holiday and that appellant does not receive the extension provided by TEX.R. CIV.P. 4.

"Legal holiday," under Rule 4, includes not only those days designated as holidays in TEX.REV.CIV.STAT.ANN. art. 4591 (Vernon Supp.1986), but also those which are recognized by "legislative declaration as being general holidays by popular acceptance." *Johnson v. Texas Employers Insurance Association*, 674 S.W.2d 761, 762 (Tex.1984); *Blackman v. Housing Authority*, 152 Tex. 21, 254 S.W.2d 103, 105 (1953). To aid in determining what constitutes a "general holiday by popular acceptance," the *Johnson* and *Blackman* Courts referred to banking holidays, TEX.REV. CIV.STAT.ANN. art. 342–910a (Vernon Supp.1986). Article 342–910a provides that either a Friday or a Monday may be a legal holiday when the prescribed holiday actually falls on a weekend. In both *Johnson* and *Blackman*, the prescribed holiday fell on a Sunday; article 342–910a therefore provided that the following Monday was a holiday; the final day for filing was on Monday; and the party filed on Tuesday. The Supreme Court held that the Tuesday filing was timely, since Monday was a legal holiday and Rule 4 provided for an extension. It is indisputable that article 342–910a does not apply to this case. The present situation does not involve a holiday created by the banking statute because the prescribed holiday fell on a weekend. Rather, the legislature declared this holiday for state employees.

However, article 342–910a is not the exclusive means of defining those holidays recognized by legislative declaration as being general holidays by popular acceptance, but merely one form of legislative declaration. Because a date is "a 'holiday' for banking and related purposes does not necessarily suggest that such a limited kind of 'holiday' was in our minds when we used the word in Rule 4." *Blackman*, 254 S.W.2d at 105. In 1985 the legislature declared, pursuant to the Appropriations

Act, ch. 980, art. V, § 7 (June 16, 1985), that the Christmas Holidays are "holidays that follow traditional national celebrated holidays." Section seven does not limit the holiday to December 25, but provides for "Christmas Holidays" which include December 26, 1985, pursuant to section 8(b) of chapter 980. Therefore, pursuant to a legislative declaration that December 26th is a general holiday by popular acceptance, appellant's December 27th filing of the transcript was timely.[1] *See Mid-Continent Refrigerator Co. v. Tackett*, 584 S.W.2d 705, 706 (Tex.1979) (Supreme Court looked to Appropriations Act to determine legal holidays). Appellee's reurged motion to dismiss for want of jurisdiction is denied.

▇▇▇ Appellee's motion for summary judgment alleged that, "As a matter of law, there is no genuine issue as to any material fact necessary to establish each and every element of defendant's affirmative defense of sovereign immunity." An independent school district is an agency of the state and, while exercising governmental functions, is not answerable for its negligence in a suit sounding in tort. *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex.1978). Appellee is a state educational agency which receives the same considerations as an independent school district when performing governmental functions. *Dealey v. Dallas County Junior College District*, 434 S.W.2d 724, 726 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.). Appellant alleges that appellee's record-keeping system caused him injury. The recordkeeping activity of appellee with regard to courses and enrollment is a governmental function, carried on pursuant to the State's obligation for the general welfare of the public. *See Garza v. Edinburg Consolidated Independent School District*, 576 S.W.2d 916, 918 (Tex.Civ.App.—Corpus Christi 1979, no writ). The activities of appellee do not come within the express waiver of immunity under TEX.CIV.PRAC. & REM. CODE ANN. §§ 101.021, 101.051 (Vernon 1986). The appellee established its entitle-

---

1. Effective September 1, 1986, the TEX.R.APP.P. 5(a) provides for an extension when the last day of the period is a legal holiday "as defined by Article 4591."

ment to summary judgment by conclusively proving all essential elements of its defense and appellant failed to present the trial court with any reasons why appellee's defense fails. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). The trial court did not err in granting summary judgment against appellant; the governmental immunity defense of appellee barred any recovery by appellant for his causes of action in tort.

We overrule appellant's point of error. The judgment of the trial court is AFFIRMED.