**OLD REPUBLIC INSURANCE COMPANY, Appellant,**

v.

**Jo Ann WUENSCHE, Appellee.**

**No. 2–89–104–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 22, 1989.

Rehearing Denied Jan. 23, 1990.

Charles Oldham and Charles M. Barnard, Wichita Falls, for appellant.

Banner, Dobbs & Briley and Steve Briley, Wichita Falls, for appellee.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

█ The issue in this worker's compensation case is whether TEX.R.CIV.P. 93's "not less than seven days before ... trial," time period is absolute or is subject to the provisions of TEX.R.CIV.P. 4. We hold that Rule 93's time restraint is absolute and, as a result, we affirm the judgment of the trial court.

Rule 93(13) governs the use of verified denials in appeals from the Texas Industrial Accident Board (IAB). The rule provides that certain denials of fact must be verified by affidavit. To be effective, the verified affidavit must be filed "not less than seven days before the case proceeds to trial."

Jo Ann Wuensche was injured in the course and scope of her employment with Piccadilly Cafeteria. She appealed an IAB award seeking to recover lifetime benefits for total and permanent disability to both hands. Initially, she claimed an average daily wage rate of "at least" $32.00. She further claimed if she had not been employed for a period of 210 days, a similar employee who had worked 210 days had an average daily wage rate of "at least" $40.00. Old Republic filed neither denials nor special exceptions to these allegations.

Trial was set for January 9, 1989. In anticipation of evidence to be developed at the December 21, 1988 deposition of Ted Lauck, Wuensche amended her pleadings on December 15, 1988. In the amended pleading, she claimed an average daily wage rate of "at least" $32.00. However, she increased the wage rate to $50.00 for a similar employee who had worked at least 210 days. At his deposition, Lauck, an employee-representative of Piccadilly Cafeteria, testified that although Wuensche had not been employed for 210 days prior to her injury, a similar employee who had worked 210 days had earnings in excess of $32.00 a day. In addition, he testified that employees are entitled to other valuable benefits including half-price meals, a uniform allowance, vacations, hospitalization, stock benefits, and worker's compensation benefits.[1]

On Tuesday, January 3, 1989, Old Republic filed a motion for leave to file amended pleadings and an amended answer in which it denied, for the first time, Wuensche's daily wage rate of $32.00 and the alternatives. The motion was not presented to the court until January 9, the morning of trial.[2] The court allowed all requested amendments except Old Republic's denial of Wuensche's wage rate. Both parties agree

---

1. Lauck's deposition was not read to the jury, but was offered only to the court. Lauck was not asked to put a dollar figure on these additional benefits.

2. Interestingly, Old Republic presented two other motions to the court on January 3: a motion to compel an independent medical examination and a motion for continuance.

that the trial court refused the amendment denying the wage rate because of Rule 93's seven-day time restraint.

Old Republic contends the amended pleading was timely filed because Rule 4 provides that if the last day of a time period falls on a Saturday, Sunday or a legal holiday, the period is extended to the next day which is not a Saturday, Sunday or legal holiday. Specifically, Rule 4 states:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

*Id.*

In contending that the amended pleadings were timely filed, Old Republic points out that January 1, 1989, was both a Sunday and a legal holiday pursuant to TEX. REV.CIV.STAT.ANN. art. 4591 (Vernon Supp.1989). It also claims the next day, Monday, January 2, was also a holiday despite the fact that it is not listed as a holiday in article 4591. To support its argument, Old Republic relies on a Texas Supreme Court case, *Blackman v. Housing Authority of City of Dallas,* 152 Tex. 21, 254 S.W.2d 103 (1953). In that case, the supreme court held that legal holidays mentioned in Rule 4 include not only those holidays designated in article 4591, but those that are recognized by other legislative declarations as being general holidays. In that case, the *Blackman* court relied upon a since-repealed banking statute which prescribed when a legal holiday mentioned in article 4591 fell on a Sunday, the following Monday was a legal holiday for banking purposes. *Blackman,* 254 S.W.2d at 105. The supreme court relied upon this provision in determining a proper time period as calculated under Rule 4. *Id.* at 106.

Currently, banking holidays are prescribed by the Legislature in TEX.REV. CIV.STAT.ANN. art. 342–910a (Vernon Supp.1989). Section 1 of the article states that when January 1, July 4, November 11 or December 25 fall on a Sunday, the Monday next following is "also ... a legal holiday for banking purposes...."

■ We agree with Old Republic's contention that when the statutes recognize a particular day as a holiday, despite the fact that it is not included in article 4591, it is a "legal holiday" for purposes of calculating time periods by Rule 4. In fact, the Texas Supreme Court has recognized this theory in a more recent case. *Johnson v. Tex. Employers Ins.,* 674 S.W.2d 761 (Tex.1984).

Nonetheless, we do not believe this contention aids Old Republic because by its language Rule 4 obviously does not apply to the requirement of filing verified denials recognized in Rule 93. We reach this conclusion reluctantly, because Rule 4 states in its preface that it applies to the computation of "any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute...."

However, by its own language, Rule 4 applies only to situations where the time period begins to run after a certain date, act, event or default. Specifically, the rule provides:

> [T]he day of the act, event, or default after which the designated period of time begins to run is not to be included [for purpose of calculating the time period]. The last day of the period so computed is to be included....

*Id.*

The time period in Rule 93 is not triggered by an "act, event or default," but is calculated backwards from the date of the trial setting and requires the pleading to be filed "not less than seven days before the case proceeds to trial." In comparison, Rule 4 assumes the time calculations are not calculated backwards from a date; instead, calculations start with some "act, event or default."[3]

---

**3.** This is true of most time periods under the Rules of Procedure such as the deadlines for

The result of Rule 4's language regarding "Saturday, Sunday or legal holiday(s)" is to *extend* the time period in which to file certain documents. On the other hand, the purpose of Rule 93's deadline is to insure that all parties have adequate notice before trial that certain issues are being denied. The effect of applying Rule 4's calculations to Rule 93 would be to *shorten* the time period, not lengthen it.

We do not believe this is the intent of Rule 93. As a result, we hold the method of calculating time in Rule 4 does not apply to the retrospective time period of Rule 93.[4]

As a result, we affirm the judgment of the trial court.

---

answers to discovery, the time to answer a lawsuit, and all appellate deadlines.

**4.** Our holding could also affect other significant areas of the law. For example, Rule 166b(6) provides that a party has a duty to supplement responses to discovery "not less than thirty days prior to the beginning of trial...." Rule 215(5) provides that the penalty for failure to supplement is that the party "shall not be entitled to present evidence ..." in the matter on which the party had a duty to supplement.

This time period is also calculated backwards from the date of the trial date. The purpose of this rule is to avoid surprise and require parties to give fair notice of their intentions well before trial. The effect of applying Rule 4 to these rules would be to shorten the time period in which to supplement discovery.