**AAACTION PLUMBING COMPANY and Southwestern Air Systems, Inc., Appellants,**

v.

**Ellen McCarter STEWART, Appellee.**

No. 01–90–00066–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 24, 1990.

William Satterwhite, Houston, for appellants.

James A. Dunn, Houston, for appellee.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

OPINION

SAM BASS, Justice.

ON MOTION FOR REHEARING

Our opinion dated March 22, 1990, is withdrawn and the following substituted in its place. We overrule appellants' motion for rehearing.

Appellee moves this Court to dismiss the appeal for want of jurisdiction, asserting that appellants did not properly perfect the appeal and appellants did not timely file the record.

The trial court signed the judgment on September 27, 1989, and appellant filed a motion for new trial on October 27, 1989. Rule 54 of the Texas Rules of Appellate Procedure mandates that when a timely motion for new trial is filed, appellants must file the record within 120 days after the judgment is signed. The 120th day after judgment in this case was January 25, 1990. Appellants timely filed the record on January 25, 1990.

Rule 41 of the Texas Rules of Appellate Procedure requires a party to file a cost bond within 90 days of the date the judgment is signed, if a timely motion for new trial is filed. The time for filing the cost bond in this case expired December 26, 1989. TEX.R.APP.P. 41(a)(1). Rule 41 also provides that the court may grant an extension of time to file the cost bond if, within 15 days, the cost bond is filed with the district clerk, and a motion is filed in the appellate court reasonably explaining the need for such an extension. TEX.R.APP.P. 41(a)(2). The last day appellants could timely file the cost bond and a motion to extend the time to file the cost bond was January 10, 1990. *Id.* Appellants filed their cost bond on December 27, 1989, but did not file their motion to extend the time to file the cost bond.

On rehearing, appellants contend that because December 26, 1989, was a commissioners court declared holiday, pursuant to *Johnson v. Texas Employers Ins. Assoc.,*

674 S.W.2d 761 (Tex.1984), they could timely file their appeal bond on December 27, 1989. In *Johnson*, the court held the banking statutes, which provide that when an official holiday falls on a weekend, the Friday or Monday adjacent to the weekend holiday is also a holiday for deadline purposes, apply to extend appellate deadlines also.

The court in *Johnson* reaffirmed its previous holding in *Blackman v. Housing Auth. of City of Dallas*, 152 Tex. 21, 254 S.W.2d 103 (Tex.1953), which held that if the courthouse is closed on the Friday before July 4, November 11, or December 25, or if the courthouse is closed on the Monday after July 4, November 11, or December 25, (banking holidays per TEX.REV.CIV. STAT.ANN. art. 342–910a (Vernon Supp. 1990)), a document may be filed the next working day. The *Blackman* court specifically held, however, that rule 4 of the Texas Rules of Civil Procedure does *not* include holidays declared by the commissioners court of the county:

> Nor do we think the rule [Rule 4] meant to include those days, which the Commissioner's Court of the County wherein the particular court should be located or wherein counsel for one party or another should reside, might choose to designate as a holiday.

*Blackman*, 152 Tex. at 24, 254 S.W.2d at 105. *See also Grajeda v. Charm Homes, Inc.*, 614 S.W.2d 176, 177 (Tex.App.—El Paso 1981, no writ).

In this case, December 25, 1989, a legal holiday, fell on a Monday. Tuesday, December 26, 1989, was not a legal holiday pursuant to TEX.REV.CIV.STAT.ANN. art. 4591 (Vernon Supp.1990). We are not unmindful of the Texas Supreme Court's recent decision in *Dorchester Master Ltd. Partnership v. Hunt*, 790 S.W.2d 552 (Tex.1990) wherein the supreme court stated:

> We conclude that Rule 5(a) can and must continue to be construed as we have construed Rule 4 of the Texas Rules of Civil Procedure in *Blackman, Smith*, [160 Tex. 292, 329 S.W.2d 845 (1959)] *Mid-Continent* [584 S.W.2d 705 (Tex.1979)] and *Johnson*.

*Id.*, at 553. We find, however, that *Dorchester* is not applicable to the present case. In *Dorchester* and the cases cited therein, the holiday in question fell on a weekend, and the courts declared the following Monday a legal holiday. Here, because the legal holiday in question did not fall on weekend, the Monday extension permitted by *Dorchester, Johnson*, and *Blackman* does not apply. While we agree with the dissent that the supreme court should interpret "legal holidays" to include all days that the courthouse is closed, until the supreme court changes the rules of appellate procedure, we are bound by the rules' current mandates.

Failure to file the cost bond *and* the motion to extend within 15 days after the due date is jurisdictional. TEX.R.APP.P. 41, 60(a). *Western Credit Co. v. Olshan Enter., Inc.*, 714 S.W.2d 137, 138 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Because appellants did not file the appeal bond on or before December 26, 1989, nor did they file a motion to extend time to file the appeal bond on or before January 10, 1990, this Court does not have jurisdiction to hear the appeal. TEX.R.APP.P. 41(a)(2), 60(a). In the absence of a properly filed cost bond, the Court may only dismiss the appeal. *Davies v. Massey*, 561 S.W.2d 799, 800–801 (Tex.1978); *Wadkins v. Diversified Contractors*, 714 S.W.2d 136, 137 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Appellee's motion to dismiss is GRANTED. The appeal is DISMISSED for want of jurisdiction.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting on motion for rehearing.

I respectfully dissent and file this opinion on motion for rehearing. I believe we should withdraw our earlier opinion and reinstate the appeal.

After AAAction Plumbing Company and Southwestern Air Systems, Inc., appellants (collectively, AAAction), filed this appeal, Ellen McCarter Stewart, appellee, filed a motion to dismiss the appeal for want of

jurisdiction. Stewart asserts that AAAction did not file the cost bond on time, and therefore did not perfect the appeal.

In 1989, Christmas fell on a Monday. By order of the Harris County Commissioners Court, the Harris County courthouse was closed on Tuesday, December 26. AAAction's cost bond was due to be filed on December 26, 1989. AAAction filed the bond the next day the courthouse was open, on Wednesday, December 27, 1989.

AAAction argues that it could not file their bond on December 26, 1989, because the courthouse was closed. AAAction contends the holiday declared by the commissioners court was a "legal" holiday; therefore, it filed the bond on time. AAAction relies on the Texas Rules of Civil Procedure, the Texas Local Government Code, case law, the Holidays Act, and the 1989 Appropriations Act. Here is a review of the relevant authority.

### 1. The holidays statute

Article 4591 of the Texas Revised Civil Statutes lists December 25 as one of the legal holidays

> on which all the public offices of the state may be closed and shall be considered and treated as Sunday for all purposes regarding the presenting for the payment or acceptance and of protesting for and giving notice of the dishonor of bill of exchange, bank checks and promissory notes placed by the law upon the footing of bills of exchange.

TEX.REV.CIV.STAT.ANN. art. 4591 (Vernon Supp.1990). It does not list December 26 as a legal holiday. Article 4591, therefore, does not help AAAction.

### 2. The rules of procedure

Rule 5 of the Texas Rules of Appellate Procedure states in part:

> The last day of the period ... is to be included, unless it is a Saturday, Sunday or *legal holiday, as defined by Article 4591, Revised Civil Statutes*, in which event the period runs until the end of the

next day which is neither a Saturday, Sunday nor legal holiday....

(Emphasis added.) Rule 5 states that legal holidays that extend the time for filing are those defined by article 4591.

Rule 5 was adopted in 1986 as part of the new Texas Rules of Appellate Procedure. Its predecessor from the Texas Rules of Civil Procedure is rule 4. If you compare appellate rule 5 to civil rule 4, you will note that civil rule 4 does not refer to article 4591:

> The last day of the period ... is to be included, unless it is a Saturday, Sunday or *legal holiday,* in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday.[1]

(Emphasis added.) The difference in the two rules appeared to be significant, until the recent case of *Dorchester Master Ltd. Partnership v. Hunt,* 790 S.W.2d 552 (Tex. 1990).

### 3. Case law

In *Dorchester,* the respondent asserted that the reference to article 4591 in appellate rule 5(a) was meant to limit appellate rule 5 to the holidays listed in article 4591. The Texas Supreme Court held that, notwithstanding the reference to article 4591, appellate rule 5 does not limit legal holidays to those listed in article 4591. 790 S.W.2d at 553. The court said the reference to article 4591 in appellate rule 5 was merely to facilitate location of the principal statute specifying the legal holidays. *Id.*

The *Dorchester* decision requires us to construe appellate rule 5 of the Texas Rules of Appellate Procedure as the supreme court construed civil rule 4 of the Texas Rules of Civil Procedure in *Blackman v. Housing Authority of City of Dallas,* 152 Tex. 21, 25, 254 S.W.2d 103, 106 (1953), *Smith v. Harris County—Houston Ship Channel Navigation Dist.,* 160 Tex. 292, 295, 329 S.W.2d 845, 846 (1959), *Mid–Continent Refrigerator Co. v. Tackett,* 584 S.W.2d 705, 706 (Tex.1979), and *Johnson v. Texas Employers Ins. Ass'n,* 674 S.W.2d

---

1. *See also* TEX.GOV'T.CODE ANN. § 311.014 (Vernon 1988). Like civil rule 4, section 311.014 does not limit legal holidays to those defined in article 4591.

761, 762 (Tex.1984). Thus, the reference to article 4591 has no effect on appellate rule 5. We must interpret appellate rule 5 exactly as the court has interpreted civil rule 4.

In *Blackman*, the Texas Supreme Court held that "legal holidays" under civil rule 4 include not only the days listed in article 4591, but also those that are recognized as being general holidays by popular acceptance. 254 S.W.2d at 105. In *Blackman*, the court held that March 3, Texas Independence Day, was celebrated as a banking holiday, even though it was not designated as a holiday by the legislature. *Id.* at 106. The court held that Monday, March 3, was a legal holiday that extended the day for filing the transcript and statement of facts in the court of appeals.

In *Mid–Continent*, the Texas Supreme Court held that when the legislature declares certain days to be holidays for state employees in the Appropriations Act, the day is a "legal holiday" under civil rule 4. 584 S.W.2d at 706. In *Mid–Continent*, the court held that the legislature declared Monday, January 2, a holiday, which extended the time for filing the transcript in the court of appeals.

In *Johnson*, the Texas Supreme Court held that, under the Banking Act, Tex.Rev. Civ.Stat.Ann. art. 342–910a (Vernon 1984), when certain holidays fall on a Sunday, the following Monday is a "legal holiday" under civil rule 4. 674 S.W.2d at 762. In *Johnson*, the court held that Monday, July 5, was a legal holiday that extended the time to appeal from an award of the Industrial Accident Board.

In *Smith*, the supreme court said that when the legislature amends a statute to delete a legal holiday, the holiday is not then "a general holiday by popular acceptance." 329 S.W.2d at 846–47. In *Smith*, the court held that May 30 was not a legal holiday because it was not mentioned in either article 4591 or its predecessor statute,[2] or any other legislative declaration.

Nothing in these supreme court cases assists AAAction.

### 4. Banking Holidays

Article 342–910a, section 1, of the Texas Revised Civil Statutes provides that when December 25 falls on a Sunday, the next Monday shall also be a legal holiday. Here, December 25 fell on a Monday. Nothing in article 342–910a, section 1, states that December 26 is a legal holiday when December 25 falls on a Monday.

### 5. The Local Government Code

Section 157.021 of the Texas Local Government Code provides:

> In a county with a population of 355,-000 or more, the commissioners court may adopt and enforce uniform rules on the hours of work of department heads, assistants, deputies, and other employees whose compensation is set or approved by the court.

Tex.Local Gov't.Code Ann. § 157.021 (Vernon 1988). Harris County has a population of over 355,000. Under the authority of section 157.021, therefore, the Harris County Commissioners Court had the authority to adopt and enforce a rule that December 26, 1989, was a holiday.

### 6. Holidays declared by county commissioners court

AAAction argues that in *Johnson*, the supreme court held that a holiday declared by the commissioners court was a legal holiday that extended time for filing under rule 4. In *Johnson*, the court held that a holiday declared by the county commissioners court, which was also a banking holiday under Tex.Rev.Civ.Stat.Ann. art. 342–910a, extended the time for filing suit. 674 S.W.2d at 762. The effect of *Johnson* was to incorporate the banking holidays, listed in article 342–910a, into civil rule 4. *Johnson* did not, as AAAction argues, incorporate holidays declared by the commissioners court into civil rule 4.

---

**2.** Former Tex.Rev.Civ.Stat.Ann. art. 4591d ch. 230, sec. 1, 1947 Tex.Gen.Laws 424, *repealed and recodified* as Tex.Rev.Civ.Stat.Ann. art. 342– 910a, by ch. 722, sec. 7, 1967 Tex.Gen.Laws 1853, 1857.

The *Blackman* court specifically addressed, albeit in dicta, the issue of holidays declared by the commissioners court:

Nor do we think [rule 4] meant to include those days, which the Commissioner's Court of the County, wherein the particular court should be located or wherein counsel for one party or another should reside, might choose to designate as a holiday.

*Blackman,* 152 Tex. at 24, 254 S.W.2d at 105.

Two courts of appeals cases, in their holding, have held that holidays declared by the commissioners court do not qualify as holidays under civil rule 4. Neither case mentioned section 157.021 of the Local Government Code, or its predecessors.[3] Neither case helps AAAction.

In *Grajeda v. Charm Homes, Inc.,* 614 S.W.2d 176, 177 (Tex.App.—El Paso 1981, no writ), appellant's appeal bond was due to be filed on Thursday, January 1, 1981, which was a legal holiday listed in article 4591. The county commissioners court gave all employees an additional holiday on Friday, January 2. *Id.* Appellant filed its appeal bond the next day the courthouse was open, on Monday, January 5. The El Paso Court of Appeals held that Friday, January 2, which was declared a holiday by the county commissioners, did not qualify as a legal holiday under civil rule 4.

In *Suarez v. Brown,* 414 S.W.2d 537 (Tex.App.—Corpus Christi 1967, writ ref'd n.r.e.), appellant's affidavit to appeal as an indigent was due to be filed on Monday, January 2, 1967. The county commissioners court gave all employees a holiday on Monday, January 2. Appellant filed its affidavit to appeal as an indigent the next day the courthouse was open, on Tuesday, January 3. *Id.* at 538. The Corpus Christi Court of Appeals held that Monday, January 2, which was declared a holiday by the county commissioners, did not qualify as a legal holiday under civil rule 4.

### 7. The 1989 Appropriations Act

As stated earlier, the supreme court in *Mid–Continent* held that the legislature's designation of a holiday for state employees under the Appropriations Act, is a "legal holiday" under civil rule 4. 584 S.W.2d at 706. Here, we are dealing with the county commissioners court's designation of a holiday for county employees under the Appropriations Act.

In 1989, the Texas legislature declared, pursuant to the Appropriations Act, chapter 1263, § 7 and § 8,[4] that

Sec. 7. Employee working hours and holidays. It is further provided that moneys appropriated for salaries and wages in this Act shall be expended only in accordance with the following conditions and limitations, pursuant to Article 5165a, Vernon's Civil Statutes, as amended...

3. The following holidays ... are holidays that follow traditional national celebrated holidays ... Christmas Holidays—*December*

Sec. 8. Employees vacation and leaves. 2. Employees of the state shall, without deduction in salary, be entitled to, in addition to leave provided in this section, vacation or leave time on ... December 24 and *December 26.*

(Emphasis added.)

In *Freeman v. Del Mar College,* 716 S.W.2d 729, 731 (Tex.App.—Corpus Christi 1986, no writ), the Corpus Christi Court of Appeals held that December 26 was a general holiday by popular acceptance, by the authority of the 1985 Appropriations Act.[5] In *Freeman,* appellant's transcript was due to be filed on Thursday, December 26, 1985. Because of the Appropriations Act, all employees had a holiday on December 26 and the courthouse was closed. *Id.* at

---

3. Former TEX.REV.CIV.STAT.ANN. art. 2372h, sec. 1, ch. 472, 1941 Tex.Gen.Laws 754, *repealed* by ch. 149, sec. 49(1), 1987 Tex.Gen.Laws 1306, 1307; former TEX.REV.CIV.STAT.ANN. art. 3912e–4a sec. 1, 4, ch. 85, 1945 Tex.Gen.Laws 122, *repealed* by ch. 149, sec. 49(1), 1987 Tex.Gen.Laws 1306, 1307; former TEX.REV.CIV.STAT.ANN. art. 3912e–4b sec. 1, ch. 198, 1949 Tex.Gen.Laws 374, *repealed* by ch. 149, sec. 49(1), 1987 Tex.Gen.Laws 1306, 1307.

4. General Appropriations Act, ch. 1263, §§ 7 & 8, 1989 Tex.Gen.Laws 5093, 5761–67.

5. General Appropriations Act, ch. 980, Art. V, § 8(b), 1985 Tex.Gen.Laws 1, 481.

731. Appellant filed the transcript the next day the courthouse was open, on Tuesday, December 27. *Id.* at 730. The court held it was timely filed.

Following the lead of the Corpus Christi Court in *Freeman*, we should hold that the Harris County Commissioners Court had the authority, under section 157.021 of the Texas Local Government Code and the 1989 Appropriations Act, to classify December 26 as a legal holiday. I would hold AAAction timely filed their cost bond.

8. The 1990 amendments to the rules

It makes no sense for the rules to require a litigant to file a document on a day the courthouse is closed.[6] The *Freeman* decision interprets the rule to permit *all* legal holidays to extend time for filing documents.

The Texas Supreme Court has just amended the rules of civil and appellate procedure. Among other changes, the court amended civil rule 4 and appellate rule 5. Neither amendment contemplates the problem here.

I respectfully suggest that the court delete the language *"as defined by Article 4591, Revised Civil Statutes"* from appellate rule 5, to make appellate rule 5 conform to civil rule 4 and TEX.GOV'T.CODE ANN. § 311.014 (Vernon 1988). The rule would then read exactly as the *Dorchester* court said we should interpret it.

Taking the next step, I urge that the Supreme Court interpret "legal holidays" to include all days that the courthouse is closed. As Chief Justice Preslar said in his dissent in *Grajeda,* "Closed is closed, whether by action of the legislature or the commissioners court." 614 S.W.2d at 178.

---

**6.** Some counties provide a drop box for filing documents when the courthouse is closed. In those counties, the box is generally located inside the courthouse and the person who wants to file a document must gain access by contacting the guard. At the end of each day, a representative of the clerk's office collects the documents from the drop box and stamps them with the date.

In those counties that provide a drop box inside the courthouse, attempted deliveries by United States mail or by delivery service will probably be thwarted. The drop box inside the courthouse, therefore, favors local attorneys over out-of-town attorneys.