**DORCHESTER MASTER LIMITED PARTNERSHIP, et al., Petitioners,**

v.

**Ray HUNT, et al., Respondents.**

No. C–8864.

Supreme Court of Texas.

April 25, 1990.

Rehearing Overruled June 27, 1990.

H. Dee Johnson, Jr., Lewisville, for petitioners.

Frank Finn, David R. Noteware, Dallas, for respondents.

PER CURIAM.

The issue presented in this case is whether the day after Christmas is a legal holiday, within the meaning of Rule 5(a), Texas Rules of Appellate Procedure,[1] when Christmas falls on Sunday. The court of appeals held that it is not, and consequently, that petitioners' appeal was not timely perfected. We disagree.

The trial court granted summary judgment for Ray Hunt and others[2] ("Hunt")

in this action against them by Dorchester Master Limited Partnership and another entity[3] ("Dorchester"). Dorchester filed a timely motion for new trial, which the trial court overruled. Under Rule 41(a)(1), Dorchester had ninety days from the date the judgment was signed in which to perfect its appeal by filing a bond or affidavit, or depositing cash, with the district clerk. The ninetieth day was Monday, December 26, 1988. Because Christmas Day fell on Sunday, Dallas County observed Monday as a holiday, and the Dallas County Courthouse, including the office of the district clerk, was closed. The next business day, Tuesday, December 27, Dorchester made a cash deposit in lieu of bond to perfect its appeal. Over three months later, the court of appeals dismissed Dorchester's appeal for want of jurisdiction.

The time for perfecting appeal is governed by the Texas Rules of Appellate Procedure. Rule 5(a) provides that in computing time periods under these rules: "The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, *as defined by Article 4591, Revised Civil Statutes*, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday." (Emphasis added.) Under the referenced statute, the day after Christmas is not a legal holiday, even if Christmas falls on Sunday. Tex.Rev.Civ. Stat.Ann. art. 4591 (Vernon Supp.1990).

Prior to the adoption of the Texas Rules of Appellate Procedure effective September 1, 1986, the time for perfecting appeal was governed by the Texas Rules of Civil Procedure. Rule 4 of those rules, like Rule 5 of the appellate rules, concerns computation of time and contains virtually the identical sentence quoted above, except that the statutory reference is not included.[4] For

---

1. All references to rules are to the Texas Rules of Appellate Procedure, unless otherwise noted.

2. The other defendants were Hunt Oil Company; Yemen–Hunt Oil Company; M.A.M. Exploration, Incorporated; M.A.M. International, S.A., a Panamanian company; and Moujib Al–Malazi.

3. Arabian Shield Development Company was the other plaintiff.

4. Rule 4 states in pertinent part: "The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday."

nearly thirty years, this Court consistently held that a "legal holiday" within the meaning of Rule 4 includes not only those days specifically designated as general holidays in article 4591 but also those days, though not listed in the statute, which are "recognized by legislative declaration as being general holidays by popular acceptance." *Blackman v. Housing Auth. of Dallas,* 152 Tex. 21, 254 S.W.2d 103, 105 (1953); *Smith v. Harris County—Houston Ship Channel Navigation Dist.,* 329 S.W.2d 845, 846 (1959); *Mid–Continent Refrigerator Co. v. Tackett,* 584 S.W.2d 705, 706 (Tex.1979); *Johnson v. Texas Employers Ins. Ass'n,* 674 S.W.2d 761, 762 (Tex.1984). In three of these four cases, *Blackman, Mid–Continent,* and *Johnson,* we specifically held that when certain statutory legal holidays fall on Sunday, the following Monday is a legal holiday within the meaning of Rule 4.[5] Hunt concedes, as he must, that under Rule 4 as we have consistently construed it, the day after Christmas is a legal holiday when it falls on a Monday,[6] and if that rule applied, Dorchester timely perfected its appeal.

Hunt contends, however, that the inclusion of the reference to article 4591 in Rule 5(a) is a clear departure from the settled jurisprudence under Rule 4. Our review of the process by which Rule 5(a) was adopted reveals no rejection of our prior holdings. The reference to article 4591 was apparently derived from Rule 7 of the former Rules of Post Trial and Appellate Procedure in Criminal Cases, 617–618 S.W.2d xxxvii, xxxix (Texas Cases), now repealed, 707–708 S.W.2d xxx–xxxi (Texas Cases). The latter rule referred to the Code Construction Act,

then article 5429b–2, section 2.04, Texas Revised Civil Statutes Annotated,[7] now recodified as section 311.014 of the Texas Government Code Annotated (Vernon 1988). That statute does not refer to article 4591. Thus, the reference appears to have originated in Rule 7 of the former Rules of Post Trial and Appellate Procedure in Criminal Cases. Its inclusion in Rule 5(a) appears to have been more to facilitate location of the principal statute specifying legal holidays than anything else. It did not limit legal holidays under the rule to those specified in article 4591.

We conclude that Rule 5(a) can and must continue to be construed as we have construed Rule 4 of the Texas Rules of Civil Procedure in *Blackman, Smith, Mid–Continent,* and *Johnson.* The court of appeals' dismissal of Dorchester's appeal thus directly conflicts with Rule 5(a) and those cases. Accordingly, pursuant to Rule 133(b), a majority of this Court reverses the judgment of the court of appeals and, without hearing oral argument, remands the cause to the court of appeals for reinstatement of the appeal.

---

**5.** The specific holidays involved were Texas Independence Day (in *Blackman*), New Year's Day (in *Mid–Continent*), and Independence Day (in *Johnson*).

**6.** It is abundantly clear that when Christmas falls on Sunday, the following Monday is "recognized by legislative declaration as being [a] general holiday[ ] by popular acceptance", within the meaning of *Blackman.* For evidence of such legislative declaration, the Court has looked to banking statutes in *Blackman* and *Johnson,* and the Appropriations Bill in *Mid–Continent.* Article 342–910a, Texas Revised Civil Statutes Annotated (Vernon Supp.1990), pro-

vides, and did provide in 1988: "When the dates of January 1, July 4, November 11, or December 25 fall on Sunday, then the Monday next following such Sunday shall also be a legal holiday for banking purposes...." The 1988 Appropriations Bill lists the "Christmas Holidays" as holidays for state employees. 1987 Tex.Gen.Laws, ch. 78, at 823. "Christmas Holidays" included December 26, 1988. *See* W. Clements, Inventory of Texas Basic State Personnel Statutes (Sept. 1987) (State Classification Office).

**7.** Code Construction Act, ch. 455, § 1, 1967 Tex. Gen.Laws 1036, 1037.