IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-332-CV





KATHY ELIZABETH OTIS,



 APPELLANT


vs.





TEXAS DEPARTMENT OF HUMAN SERVICES,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 478,180, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 





PER CURIAM



 Appellant Kathy Elizabeth Otis seeks to appeal from a final decree of termination
of parental rights rendered by the district court of Travis County on April 3, 1991. We will
dismiss the appeal for want of jurisdiction.

 Otis filed a timely motion for new trial on May 3, 1991. Tex. R. Civ. P. Ann.
329b(a) (Supp. 1992). Texas R. App. P. Ann. 41(a) (Pamph. 1992), therefore, required her to
perfect an appeal within ninety days after the judgment was signed, that is, no later than July 2,
1991. Otis filed her affidavit of inability to pay costs on appeal or to give security for such costs
with the district clerk of Travis County on July 3, 1991. See generally Tex. R. App. P. Ann.
40(a)(3) (Pamph. 1992).

 Although Otis filed her affidavit of inability beyond the prescribed period, she did
not request, from this Court, an extension of time within which to file the affidavit. See Tex. R.
App. P. Ann. 41(a)(2) (Pamph. 1992). Furthermore, the record before this Court does not show
that Otis mailed her affidavit to the district clerk on or before July 2, 1991, thereby enlarging the
time within which to file the affidavit, pursuant to Tex. R. App. P. Ann. 5 (Pamph. 1992).

 The timely filing of the affidavit of inability is mandatory and jurisdictional. 
Davies v. Massey, 561 S.W.2d 799, 800 (Tex. 1978); AAAction Plumbing Co. v. Stewart, 792
S.W.2d 501, 502 (Tex. App. 1990, writ denied). Because Otis filed her affidavit of inability
untimely, this Court is without jurisdiction over the appeal and must dismiss it. Stewart, 792
S.W.2d at 502; see Davies, 561 S.W.2d at 800-01.

 The appeal is dismissed for want of jurisdiction.

 The disposition of this appeal is without prejudice to the appeals with which it was
consolidated, cause no. 3-91-176-CV, David Lee Englehardt v. State of Texas, and cause no. 3-91-228-CV, David Otis v. State of Texas.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Dismissed for Want of Jurisdiction

Filed: April 1, 1992

[Do Not Publish]