In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-625 CV


 ______________________




IN THE INTEREST OF J.B., D.B., C.B. AND W.B.


 




On Appeal from the 75th District Court


Liberty County, Texas


Trial Court No. CV 72188







MEMORANDUM OPINION

 Brian LaFleur appeals the trial court's order terminating his parental rights. The trial
court found, by clear and convincing evidence, that statutory grounds existed for the
termination, and that termination of LaFleur's parental rights would be in the best interest
of the child, D.B. See Tex. Fam. Code Ann. § 161.001(1)(Q), (2) (Vernon Supp. 2008). In
his first five issues, LaFleur maintains the evidence was legally and factually insufficient to
support the trial court's findings. His sixth issue challenges the constitutionality of section
263.405(i) of the Texas Family Code. See Tex. Fam. Code Ann. § 263.405(i) (Vernon
Supp. 2008). We affirm the order.

 The Department of Family and Protective Services filed a petition in November 2006
for termination of LaFleur's parental rights. The petition named as parties (1) the mother of
J.B., D.B., C.B. and W.B; (2) Brian LaFleur, the alleged father of D.B.; (3) J.F., the alleged
father of J.B.; and (3) W.I., the alleged father of C.B. and W.B. A paternity test established
LaFleur as D.B.'s father. The amended petition sought termination of LaFleur's parental
rights as to D.B. based on sections 161.001(1)(A), (B), (C), (D), (E), (F), (I), (K), (N), (O),
(P), and (Q) of the Texas Family Code, and alleged the termination of LaFleur's parental
rights was in D.B.'s best interest. As to all four children, the mother signed an affidavit
voluntarily relinquishing her parental rights.

 The trial court signed the order terminating LaFleur's parental rights as to D.B. The
order stated that the court found by clear and convincing evidence that the termination was
in D.B.'s best interest, and that LaFleur had "knowingly engaged in criminal conduct that has
resulted in [his] (i) conviction of an offense; and (ii) confinement or imprisonment and
inability to care for the child for not less than two years from the date of filing the petition." 
See Tex. Fam. Code Ann. § 161.001(1)(Q), (2). Eighteen days later, LaFleur filed his
motion for new trial and statement of points on appeal, and a request for findings of fact and
conclusions of law. The trial court denied LaFleur's motion for new trial, and filed findings
of fact and conclusions of law. 

 The Department contends LaFleur's failure to timely file a statement of points
precludes review of any of the issues raised. Section 263.405(b) of the Family Code requires
a party who intends to appeal a final order terminating parental rights to timely file with the
trial court "a statement of the point or points on which the party intends to appeal." Tex.
Fam. Code Ann. § 263.405(b). Section 263.405(i) provides that "[t]he appellate court may
not consider any issue that was not specifically presented to the trial court in a timely filed
statement of the points on which the party intends to appeal." Id. § 263.405(i). The
statement of points must be filed not later than the fifteenth day after the date the trial order
is signed by the trial judge. Id. § 263.405(b). 

 The trial judge signed the order on October 26, 2007. LaFleur filed his motion for
new trial and statement of points on November 13, 2007. The fifteenth day after the date the
trial judge signed the order was November 10, 2007, a Saturday. Rule 4 of the Texas Rules
of Civil Procedure states:

 In computing any period of time prescribed or allowed by these rules,
by order of court, or by any applicable statute, the day of the act, event, or
default after which the designated period of time begins to run is not to be
included. The last day of the period so computed is to be included, unless it
is a Saturday, Sunday or legal holiday, in which event the period runs until the
end of the next day which is not a Saturday, Sunday or legal holiday.


Tex. R. Civ. P. 4. We take judicial notice that Sunday November 11, 2007 was Veteran's
Day, and that the Liberty County Courthouse closed for Monday, November 12, 2007, in
observance of the holiday. See Tex. R. Evid. 201; see also Tex. Gov't Code Ann. §
662.003(a)(7) (Vernon 2004); Sanders v. Constr. Equity, Inc. 42 S.W.3d 364, 367 (Tex.
App.--Beaumont 2001, pet. denied); House of God Day Care v. Jim Snell Master Plumber,
Inc., 699 S.W.2d 705, 705-06 (Tex. App.--Beaumont 1985, no writ). Under Rule 4, the
period for filing the statement of points ran until the end of Tuesday, November 13, 2007. 
LaFleur timely filed his statement of points on appeal, and the first five issues he raises on
appeal were included in the timely filed statement of points. 

 In issues one through five, LaFleur argues the trial court erred in holding the evidence
legally and factually sufficient to support the termination of his parental rights. The decision
to terminate parental rights must be supported by clear and convincing evidence. In the
Interest of J.F.C., 96 S.W.3d 256, 264 (Tex. 2002). "In a legal sufficiency review, a court
should look at all the evidence in the light most favorable to the finding to determine whether
a reasonable trier of fact could have formed a firm belief or conviction that its finding was
true." Id. at 266. If a court determines that no reasonable fact finder could form a firm belief
or conviction that the matter that must be proven is true, we must conclude the evidence is
legally insufficient. Id. When conducting a factual sufficiency review, we review the entire
record, including evidence in support and contrary to the judgment, and give the
consideration to evidence the trial court could have found to be clear and convincing. Id. 
We then determine whether the evidence is such that a fact finder could form a firm belief
or conviction that grounds for termination exist. Id.

 LaFleur testified that he is incarcerated in the Texas Department of Criminal Justice -
Institutional Division, where he is serving a six-year sentence for aggravated assault with a
deadly weapon, and for revocation of his probation for aggravated assault causing serious
bodily injury. He is serving the sentences concurrently. LaFleur stated that his release date
is December 2008. He commented that although he could be released on parole at an earlier
date, he would need eighteen months from the date of trial to "get financially established"
and "slowly work [his] way back into a life."

 The record reflects he is classified at the prison as a "high security risk" due to his
involvement in altercations at the prison. The Department required him, as part of his service
plan, to complete parenting and anger management classes. His prior "medium security risk"
classification prevented his participation in the programs. He has never met D.B., and after
he found out he was her father, he attempted to contact D.B.'s mother but was unsuccessful. 
The mother testified she and LaFleur had a four-month volatile relationship. She described
LaFleur as violent and believed termination of LeFleur's parental rights would be in D.B.'s
best interest. 

 Viewing all the evidence in the light most favorable to the trial court's finding, we
conclude that a reasonable fact finder could form a firm belief or conviction of LaFleur's
inability to care for D.B. for not less than two years from the date the State filed the petition,
and that termination was in D.B.'s best interest. After reviewing the entire record, including
evidence supporting and contrary to the judgment, we find a fact finder could form a firm
belief or conviction that grounds for termination exist and that termination was in D.B.'s best
interest. We overrule LaFleur's first five issues. 

 LaFleur argues the trial court's failure to file findings of fact and conclusions of law
within fifteen days after it signed the final order prevented him from timely filing additional
statement of points on appeal. He argues that section 263.405(i) precludes him from bringing
a claim on appeal that the trial court failed to analyze or apply the law correctly in
subsequently filed findings of fact and conclusions of law. However, LaFleur does not allege
there was any specific error that he was unable to bring and that had not been addressed in his
timely filed statement of points. Further, the section "does not apply to alleged errors
occurring after the fifteen day deadline." In the Interest of A.T.S., No. 12-07-00196-CV, 2008
Tex. App. LEXIS 5721, at *53 (Tex. App.--Tyler, July 31, 2008); see also In the Interest of
D.W., 249 S.W.3d at 632 (The statute does not bar a challenge that "could not have been
addressed by the trial court in the first instance[.]"). Issue six is overruled. The trial court's
order is affirmed. 

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice

 

Submitted on August 21, 2008

Opinion Delivered October 30, 2008


Before Gaultney, Kreger, and Horton, JJ.