**In re Carroll SHELBY and Carroll Shelby Licensing, Inc.,**
**Relators.**

No. 05–09–00996–CV.

Court of Appeals of Texas,
Dallas.

Sept. 23, 2009.

Douglas S. Hasty, Keller, TX, John R. Crews, Gibson, Dunn & Crutcher LLP, Joshua P. Martin, Charles S. Cantu, Alston & Bird LLP, Dallas, TX, for Relators.

Thomas E. Shaw, The Law Office of Thomas E. Shaw, P.C., J. Darlene Ewing, Dallas, TX, for Real Party In Interest.

Before Justices BRIDGES, RICHTER, and LANG.

## OPINION

Opinion by Justice RICHTER.

The issue before the Court in this original mandamus proceeding is whether the trial judge abused her discretion by ordering relators Carroll Shelby and Carroll Shelby Licensing, Inc. to "amend the Declaration of John Luft and paragraph 2 of Its [sic] Answer to reflect the fact that they have made such statements that a form of partnership existed." We conclude the trial judge's order does not comply with Texas Rule of Civil Procedure 93. Accordingly, we conditionally grant mandamus relief and order the trial judge to modify her order to comply with rule 93.

Plaintiffs Mark Leitgeb Enterprises Inc., Utility Trailer of Colorado, LLC, Ernesto M. Santana, Tim Frank, James Bartee, and Todd Drake contend they entered into agreements with a partnership for the

manufacture and delivery of Shelby Continuation Vehicles. The plaintiffs assert the partnership failed to deliver the vehicles and that relators, as partners in the partnership, are responsible for the plaintiffs' damages.

Relators' first amended answer to the plaintiffs' claims included a denial that relators were partners with other defendants "in any respect or capacity whatsoever." Luft, the president of Carroll Shelby Licensing, Inc., verified the denial. Luft also filed a declaration in support of relators' motion for partial summary judgment stating relators were not "ever in a partnership" with the other defendants. During his deposition, Luft testified relators were not legal partners with the other defendants, but were partners in a nonlegal sense because they collaborated on the project. After his deposition, Luft verified relators' answer to the plaintiffs' third amended petition, again stating relators were not partners with the defendants "in any respect or capacity whatsoever."

The plaintiffs filed a motion to strike and for sanctions, claiming Luft's deposition testimony was inconsistent with his verifications and declaration. The plaintiffs requested the trial judge strike Luft's declaration, find that Luft's statements in the declaration and the verifications were "groundless, false, misleading, fraudulent, and perjurous," and preclude relators "from denying or qualifying their representations of existence of a partnership."

At the hearing on the motion, the trial judge orally ruled the words "in any respect or capacity" needed to be removed from the verified denial. The trial judge also stated Luft could verify the parties were not "legal" partners. Relators' counsel agreed to make the changes. The trial judge's written order, however, directed relators to amend Luft's declaration and the verified denials to "reflect the fact that they have made such statements that a form of partnership exists."

Relators assert the trial judge abused her discretion by "mandat[ing] that Mr. Luft provide specific sworn testimony of the Trial Court's choosing." They further contend they have no adequate remedy by appeal because the trial judge's order requires Luft "to submit sworn testimony that he believes is not true, or at least can be construed to be untruthful or inaccurate."

■ Mandamus relief is available when the trial judge abuses her authority or violates a legal duty and there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding). A trial judge abuses her discretion if she reaches a decision that is arbitrary and unreasonable so as to amount to a clear and prejudicial error of law or if the judge fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding) (per curiam). A trial judge has no discretion in determining what the law is or in applying the law to the facts, and a clear failure by the judge to correctly analyze or apply the law will constitute an abuse of discretion. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).

■ Rule of civil procedure 93 requires a defendant to file a verified denial if it contests it is liable in the capacity in which it is sued or if it denies a partnership alleged in the pleadings. TEX.R. CIV. P. 93(2), (5). Here, relators agreed to amend the verification to reflect they denied the existence of a "legal" partnership. The trial judge's order, however, requires relators to affirmatively state that "they have made such statements that a form of a partnership exists." Rule 93 does not require a defendant to make affirmative rep-

resentations in response to the plaintiff's allegations. *See* Tex.R. Civ. P. 93; *see, e.g., Old Republic Ins. Co. v. Wuensche,* 782 S.W.2d 346, 349 (Tex.App.-Fort Worth 1989, writ denied) ("On the other hand, the purpose of Rule 93's deadline is to insure that all parties have adequate notice before trial that certain issues are being denied."). Accordingly, the trial judge abused her discretion by imposing a requirement on relators not contemplated by rule 93. *See, e.g., In re Kuntz,* 124 S.W.3d 179, 181 (Tex.2003) (orig. proceeding) ("Therefore, a failure by the trial court to analyze or apply the law correctly, as when a discovery order conflicts with the Texas Rules of Civil Procedure, constitutes an abuse of discretion."); *Walker,* 827 S.W.2d at 840.

■ We further conclude relators have no adequate remedy at law. A party has an adequate remedy by appeal when any benefits to mandamus review are outweighed by the detriments. *Prudential Ins. Co. of Am.,* 148 S.W.3d at 136; *see also In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex.2005) (orig. proceeding) (per curiam). Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances and is better guided by general principles than simple rules. *Prudential Ins. Co. of Am.,* 148 S.W.3d at 137; *In re Green Oaks Hosp. Subsidiary, L.P.,* 297 S.W.3d 452, 457 (Tex.App.-Dallas 2009, orig. proceeding). An appeal is inadequate when the parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 211 (Tex.2004) (orig. proceeding) (per curiam).

The trial judge's order requires relators to at least partially admit a contested issue. We therefore conclude the order potentially vitiates relators' ability to present a viable defense at trial and relators do not have an adequate remedy by appeal. *See Van Waters & Rogers,* 145 S.W.3d at 211; *In re Gen. Agents Ins. Co. of Am., Inc.,* 254 S.W.3d 670, 677 (Tex.App.-Houston [14th Dist.] 2008, orig. proceeding [mand. denied] ); *see also In re Alcatel,* 11 S.W.3d 173, 175 (Tex.2000) (orig. proceeding) (mandamus relief available when trial court wrongly denied motion to quash deposition notices); *In re Bush,* 287 S.W.3d 899, 905 (Tex.App.-Dallas 2009, orig. proceeding). Accordingly, we **CONDITIONALLY GRANT** relators' petition for writ of mandamus.

The Court **ORDERS** the Honorable Sally Montgomery, Presiding Judge of County Court at Law Number 3, Dallas County, to modify her August 3, 2009 order so that it complies with Texas Rule of Civil Procedure 93.

We further **ORDER** the Honorable Sally Montgomery to file with this Court, within **TWENTY DAYS** of the date of this opinion and order, a certified copy of her order showing compliance with this Court's order. The writ of mandamus will issue only if the Honorable Sally Montgomery, Presiding Judge of the County Court at Law Number 3, Dallas County, fails to comply with this Court's opinion and order.